### BELL *v.* DONOHOE and others.[1]

*(Circuit Court, D. California.*   January 15, 1883.)

1. PARTNERS—INDISPENSABLE PARTIES.
    Where a bill in equity is filed against one of the members of a copartner-ship to set aside partnership transactions, and vacate a conveyance of real es-tate, assets of the partnership, but held in the name of one of the partners for the benefit of the firm, and for an account, all the partners are indispensable parties to the bill.

2. INDISPENSABLE PARTIES TO STOCKHOLDERS' BILL.
    A stockholder of a New York corporation filed a bill in equity, on behalf of himself and such other stockholders of said corporation as should choose to come in, against a California corporation and other defendants, to set aside transactions between the said New York corporation and the other defend-ants; also, other transactions dependent thereon, without making the corpora-tion of which he is a stockholder a party to the bill. *Held,* that the New York corporation, of which complainant is a stockholder, is an indispensable party to the bill.

3. REQUISITES OF STOCKHOLDERS' BILL.
    Bill also *held* insufficient, as not containing the allegations essential to a stockholder's bill as established in *Hawes* v. *Oakland,* 104 U. S. 450; *Hunting-ton* v. *Palmer,* Id. 482; and *Dannmeyer* v. *Coleman,* 8 Sawy. 51; [S. C. 11 FED. REP. 97.]

Demurrer to Bill in Equity.   This is a bill in equity, filed by complainant on his own behalf, and on behalf of all other stock-holders of a New York corporation who may come in and join in the expense, against a California corporation, Donohoe, and other natural persons.   The bill is very long, and sets out many large and complicated transactions which took place, as is alleged, under the authority and by direction of the firm of Donohoe, Kelly & Co., with the fraudulent purposes of obtaining possession of the large estates of the New York corporation.   It is alleged generally, in substance, among other things, that, being stockholders of the New York corpo-ration, Donohoe and Kelly managed to obtain control of a majority of the stock of the corporation through proxies and otherwise, elected and controlled its officers, and for fraudulent purposes organized an-other corporation under the laws of California, to which, by means of their control, they procured a conveyance by the New York corpo-ration of all the property; that by means of their position they also took control and management of the California corporation, and in connection with it performed numerous other fraudulent acts alleged in the bill, by means of which the New York corporation and its stockholders were defrauded of their rights.   This general statement will be sufficient to illustrate the points of the decision, without going into the particulars set out at great length in the bill.   The New York corporation is not made a party to the bill, either as com-plainant or defendant.   The acts complained of as against Donohoe are alleged to have been performed by him in connection with Kelly,

[1] From 8th Sawyer.

many of them, in fact, being performed by Kelly in person. But they are alleged to be partnership acts performed on partnership account, and the conveyance held by Donohoe, sought to be vacated, appears to be held for the firm. The bill prays, among other things, that the conveyance from the New York corporation to the California corporation, and various other transactions growing out of and connected with it, be set aside and declared void and held for naught; that the conveyance to Donohoe for the firm also be annulled; and that Donohoe account for the numerous transactions complained of, had by him and Kelly as partners with the New York and the California corporations. Defendants demur to the bill.

*W. C. Belcher* and *E. B. Mastick*, for complainant.

*Doyle, Barber & Scripture*, for defendants.

SAWYER, J. After a careful consideration of this very long and elaborately drawn bill I am satisfied that the demurrer must be sustained.

1. Kelly, in my judgment, is an indispensable party to the bill, without whose presence no decree can properly be made. He appears by the bill to be a partner with Donohoe in all the transactions of Donohoe of which complaint is made; and it appears that the title sought to be vacated or controlled is only nominally held by Donohoe for the benefit of the firm. No decree could finally settle the rights of Donohoe and Kelly or complainant without the presence of Kelly. Donohoe is as much entitled to have his rights finally determined in the case as the complainant. The case is, in my judgment, clearly within the principle established in *Shields* v. *Barrow*, 17 How. 139; *Barney* v. *Baltimore*, 6 Wall. 280; *Burke* v. *Flood*, 6 Sawy. 220; [S. C. 1 FED. REP. 541;] by Mr. Justice FIELD in *C. S. Min. Co.* v. *V. & G. H. W. Co.* 1 Sawy. 687; and in *Ribon* v. *Railroad Co.* 16 Wall. 450. It is difficult to perceive how partnership rights can be finally determined as to anybody without the presence of all the partners.

2. The complainant sues as a stockholder of a New York corporation, on behalf of himself and all other stockholders, but does not make the corporation itself, of which he is a stockholder and through which his rights are derived, a party to the suit. The corporation in such cases is certainly an indispensable party to the suit, without the presence of which no decree finally determining the rights of any of the parties can be made.

3. The bill does not allege many of the facts essential to give the complainant the *status* necessary to enable him to maintain the bill, as settled in *Hawes* v. *Oakland,* 104 U. S. 450; *Huntington* v. *Palmer,* Id. 482; and *Dannmeyer* v. *Coleman,* 8 Sawy. 51; [S. C. 11 FED. REP. 97.]

As Kelly is a citizen of the same state with complainant, making him a party would doubtless oust the jurisdiction of the court, and it is doubtful whether the third point can be obviated by amendment.

It will, therefore, be a waste of time at present to examine the important, not to say difficult, questions raised upon the equities of the bill. There are exceptions to large portions of the bill for impertinence. Some of them, doubtless, are well taken. But the demurrer waives the exceptions.

The demurrer is sustained. The complainant may think the objections to the bill can be obviated, and leave will be given to amend on or before the rule-day in March, if he be so advised; on failure to amend within the time given, the bill will be dismissed.