# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

HOLLAND and others *v.* RYAN and others.[1]

*(Circuit Court, D. Colorado.   June 14, 1883.)*

1. JURISDICTION FEDERAL COURT—CITIZEN.
    To give jurisdiction to the federal courts on the ground of citizenship, all the plaintiffs who have an interest in the subject-matter must have a different citizenship from the defendants.
2. SAME—FEDERAL LAWS.
    An averment that the action involves the "construction and consideration of the laws of the United States on the subject of mines and mining, and the validity and title to mining claims occurring and arising thereunder," *held* insufficient to show a cause of action arising under the laws of the United States.   The complaint must state there is a controversy between the parties as to the meaning and effect of those laws.   It is not sufficient that the right to recover is based upon an act of congress.

Motion to Dismiss.

*A. Danford,* for plaintiffs.

*D. T. Sapp,* for defendants.

HALLETT, J., (*orally.*)   An action of ejectment was brought by six persons against four to recover two mining claims.   The title, as stated in the complaint, appears to be in four of the plaintiffs.   F. E. Holland and B. M. Hypes, two of the plaintiffs, own a considerable interest in the claims, and they are citizens of the state of Missouri.   Two of the plaintiffs, J. W. West and W. M. B. Worthington, own one-twelfth interest each.   Charles A. Jones and Charles A. Daily are lessees of the plaintiffs.   West and Worthington, Jones

[1] From the Colorado Law Reporter.

and Daily, the two plaintiffs who own a twelfth interest of the claims, and the lessees, are citizens of this state; the defendants also are citzens of this state; and the question is whether the action can be maintained here by these plaintiffs against these defendants. On that the rule is that all of the plaintiffs who have any interest in the property must have a different citizenship from the defendants. Assuming that Jones and Daily, as lessees, have no substantial interest in the property, or, at least, that they need not be joined in this action, West and Worthington remain, having a twelfth interest each. They have no standing in this court, and cannot prosecute an action here against other citizens of the same state.

The averment in the complaint that this is an action that involves the "construction and consideration of the laws of the United States upon the subject of mines and mining, and the validity and title to mining claims occurring and arising thereunder," is not sufficient to show a cause of action arising under the laws of the United States. The question which arises under those laws, and the difference of opinion between parties as to the meaning and effect of those laws, is to be stated in the complaint to show such cause of action.

The authority which we follow on that subject is *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199. In that case it was decided that there must be a controversy between parties as to the meaning and effect of a law of the United States. It is not sufficient that they base their right to recover upon the acts of congress relating to mining claims, but there must be some dispute between the parties as to the construction of those laws.

The action is one which cannot be maintained in this court, and will be dismissed, pursuant to the motion of the defendants.