## HOFFMAN v. DICKEY ET AL.

1. **Corporation**: LIABILITY OF OFFICERS: FRAUD. Fraud must be established to authorize the recovery of damages against members of a corporation under section 1071 of the Code; such section does not give a right of action for negligence or mismanagement.

*Appeal from Black Hawk Circuit Court.*

### FRIDAY, JUNE 18.

ACTION at law to recover of defendants the amount of a judgment in favor of plaintiff against the Patrons Joint Stock Company, an incorporation existing under the laws of this State. The ground upon which recovery is sought against defendants is fraud on their part as officers of the incorporation in managing its affairs. The cause was tried to the court without a jury, and, upon facts found judgment was rendered for defendants. Plaintiff appeals.

*George Ordway*, for appellant.

*Miller & Preston*, for appellees.

BECK, J.—I. The petition alleges that plaintiff delivered to the Patrons Joint Stock Company, for storage, a quantity of wheat, and for the value thereof he recovered a judgment against the company, no part of which has been paid. It is also alleged that defendants are the officers who are charged with the control of the business of the corporation, and that, under their management, debts beyond the limits prescribed by the articles of incorporation were incurred, which were concealed from the public; and other acts were done by defendants as officers of the incorporation, all of which were with fraudulent intention on their part. The plaintiff grounds his claim and right to recover upon the intentional fraud of defendants in the management of the affairs of the corporation. The action appears to have been brought under Code, § 1071,

1. CORPORATION: liability of officers: fraud.

which provides that individuals connected with corporations shall be liable in damages, to the persons injured, for intentional frauds in conducting the affairs of such corporations.

II.   The court found there was, in the management of the affairs of the corporation, no intentional fraud upon the part of defendants, nor any diversion of the assets of the company to the use of defendants. Upon this finding judgment was correctly rendered for defendants. The ground upon which plaintiff seeks to recover is the fraud of defendants. Failing to establish fraud he cannot recover in this action.

Certain findings of the court show that defendants are chargeable with negligence and non-compliance with the law. We need not inquire whether they may be held liable therefor in a proper action.   They are not liable for such acts in this action for the reason that the petition does not claim to recover on these grounds.

III.   The abstract does not purport to contain all the testimony.   We cannot, therefore, inquire whether the finding of facts is supported by the evidence.   These findings present the facts upon which alone we are required to decide the case.

The judgment of the Circuit Court must be

AFFIRMED.