PRESCOTT et al. v. HAUGHEY et al.

(Circuit Court, D. Indiana. February 13, 1895.)

No. 8,950.

1. NATIONAL BANKS—FRAUDULENT REPRESENTATIONS BY DIRECTORS—LIABILITY IN ACTION FOR DECEIT.

Directors of a national bank who, in the pretended performance of duties imposed upon them by law, use their official station to make false and fraudulent representations, which are believed and acted on by others, are liable to one defrauded thereby in a common-law action of deceit, and the right to maintain such action is not precluded by the liability imposed in the national banking law for violation of its provisions.

2. REMOVAL OF CAUSES—FEDERAL QUESTION—VIOLATION OF NATIONAL BANKING LAW.

A complaint alleged that defendants, directors of a national bank, published advertisements, statements, and reports representing that the bank was solvent and prosperous, knowing such representations to be false and the bank to be hopelessly insolvent, intending thereby to deceive the public and plaintiffs; that plaintiffs had no knowledge that said representations were false, and the bank insolvent, and, relying on said representations, were thereby induced to deposit with the bank a certain sum; that said representations deceived plaintiffs, and by reason of the premises they had been damaged in said sum. *Held*, that the representations charged, if made by the directors under color of their office, were entirely outside of their official duties, and the cause of action stated was a common-law cause of action for deceit, presenting no federal question which could sustain a removal of the cause from a state court. Bailey v. Mosher, 11 C. C. A. 304, 63 Fed. 488, distinguished.

This was an action by William B. Prescott, president of the International Typographical Union, and others, against Theodore P. Haughey and others, the directors of the Indianapolis National Bank, to recover moneys deposited in said bank by the International Typographical Union, and lost through its insolvency. The action was brought in a court of the state of Indiana, and was removed to the federal court by the defendants, on the ground that a federal question was involved. Plaintiffs moved to remand.

William V. Rooker, for complainants.

Miller, Winter & Elam, Anderson & Du Shane, Hawkins & Smith, Baker & Daniels, R. W. Harrison, Duncan & Smith, and A. J. Beveridge, for defendants.

BAKER, District Judge. This was an action instituted in the superior court of Marion county, Ind., and removed into this court by the defendants, on the ground that it involved a federal question which gave this court jurisdiction. The parties, both plaintiffs and defendants, are all residents and citizens of the state of Indiana, and were such at the time of removal. The ground on which the

right of removal is bottomed is "that the plaintiffs in and by said suit seek to recover from the defendants a sum of money, exclusive of interest and costs, exceeding in amount two thousand dollars, as damages sustained by the plaintiffs by reason of misfeasance and nonfeasance of duty on the part of the defendants as directors of the Indianapolis National Bank." It is insisted by counsel that the plaintiffs cannot maintain any action against the defendants for or on account of the matters stated in the complaint, because such matters do not constitute any breach of duties imposed upon them by the acts of congress as directors of the bank, and because in no acts done or omitted by them as directors of said bank have they violated any duties imposed upon them as such directors in any such manner as to create a right of action in favor of the plaintiffs against them upon the facts stated in the complaint. It is further insisted that, if any cause of action exists for the alleged wrongful acts complained of, it is a cause of action which must be prosecuted by the receiver of the insolvent bank for the benefit of all the creditors thereof. The question for determination, therefore, depends upon the construction which ought to be placed upon the complaint.

If the complaint is one which seeks to recover damages for the wrongful acts of the defendants which gave a right of action to the bank, it has passed by the appointment of a receiver for the bank to him, and he is the proper party to sue for and recover the same as an asset of the bank for the benefit of its creditors. The complaint is in four paragraphs, and, so far as material to the determination of the question before the court, they are in substance alike. The first paragraph of the complaint alleges, in substance, that the defendants have been and are the directors of the Indianapolis National Bank, and that as such directors, and seeking for a long time, to wit, two years last past, to induce the public generally, and the plaintiffs, to deposit money and do banking business with said bank, they repeatedly made in writing and signed, and thereafter published and caused to be published, from time to time, divers advertisements, statements, and reports, pretending thereby to represent and show the condition of said bank; that in and by said advertisements, statements, and reports the defendants represented, and intended to represent, that said bank was solvent, and was doing a large and prosperous business; that the plaintiffs, having a right to rely and relying upon said representations, were thereby induced to deposit with said bank $35,000, which was entered to their credit on the books of said bank; that the plaintiffs had no knowledge that said representations were false, and that said bank was insolvent; that each of said defendants at all times knew that said bank was hopelessly insolvent; that said representations were false, fraudulent, and deceptive, and were known so to be by said defendants; that in making and causing said representations to be made said defendants intended to deceive the public generally and the plaintiffs; that said advertisements, statements, and reports came into the hands of the plaintiffs and to their knowledge in the ordinary course of business; that said defendants ought to have known and

did know that said advertisements, statements, and reports would come, as they did come, into the hands and to the knowledge of the plaintiffs, and that the plaintiffs would rely and were relying on the representations thereby made; that said representations did deceive the plaintiffs, and by reason of the premises they have been damaged in the sum of $35,000, for which amount they demand judgment.

It is apparent that the cause of action does not sound in tort for any acts of misfeasance or nonfeasance on the part of the defendants, as directors, causing damage or loss to the bank. It does not appear that the bank has suffered any injury by reason of the fraudulent acts complained of. On the contrary, it became possessed of $35,000 of the moneys of the plaintiffs as the direct and intended result of the false and fraudulent representations of the defendants. Hence the bank, if not benefited, certainly was not injured by the fraudulent acts of its directors. It is therefore certain that neither the bank, nor the receiver who now represents it, could maintain any action for the wrongs complained of. Unless the plaintiffs can maintain an action for the redress of the injury which they alone have suffered, the defendants cannot be made answerable for their false and fraudulent conduct. It would be a matter of just reproach if the law were so impotent as to afford no redress to a party who had been deprived of his money or property by false and fraudulent representations. The fraudulent representations charged in the complaint, if made under color of their office, were entirely outside of the official duties of the directors. Neither the law nor the obligations of their office made it any part of their duty to utter and publish false and fraudulent advertisements, statements, and reports in regard to the condition of the bank. The tort for which they are sued was committed in their private and personal capacity, because the law does not confer upon such officers any authority to commit frauds of the character complained of. These directors have used their official stations to enable them to perpetrate a fraud on the plaintiffs entirely outside of the legitimate scope of their duties. It could, in no event, become a part of their duties to procure money to be deposited in the bank by false and fraudulent representations.

Morse, Banks (page 133), says:

"If bank directors do not manage the affairs and business of the bank according to the directions of the charter, and in good faith, they will be liable to make good all losses which their misconduct may inflict upon either stockholders, creditors, or both. They may be held to account to an injured party in a court of chancery, or they or any of their number who shared in the wrongdoing may be sued at law for damages."

In 3 Suth. Dam. 587, 588, it is said:

"If the person making the representations which are material, and which he intends shall influence another, knows them to be false, the case is clear. Some question has been raised whether positive representations made without knowledge, and believed to be true by the party making them, will sustain an action for damages in the nature of deceit. But the doctrine which seems supported by the great weight of authority is that if a person states as of his own knowledge material facts which are susceptible of knowledge, to one who

relies and acts upon them as true, it is no defense, if the representations are false, to an action for deceit, that the person making them believed them to be. true. The falsity and fraud consist in representing that he knows the facts to be true of his own knowledge, when he has not such knowledge. It is not necessary that the false representations be made to deceive the plaintiff in particular."

The case of Society v. Underwood, 9 Bush, 609, was an action against the directors of a bank to recover of them personally damages for loss of deposits wrongfully converted, and it is there said:

"The question here presenting itself for our decision is whether the directors, who had knowledge of these alleged wrongful sales, can be held to answer personally for the deposits so converted. Appellees insist that they cannot be so held, because of the want of privity between the depositors and themselves. They concede that for gross negligence or mismanagement upon their part, resulting in loss to the bank, they may be held to account to it; but urge that, inasmuch as their undertaking was to the corporation, they can be proceeded against by it alone, and that these appellants must look to the bank, and not to them. This position is plausible, but it cannot, in our opinion, be maintained. Bank directors are not mere agents, like cashiers, tellers, and clerks. They are trustees for the stockholders; and, as to their dealing with the bank, they not only act for it and in its name, but, in a qualified sense, are the bank itself. It is the duty of the board to exercise a general supervision over the affairs of the bank, and to direct and control the action of its subordinate officers in all important transactions. The community have the right to assume that the directory does its duty, and to hold them personally liable for neglecting it. Morse, Banks, 76, 77. Their contract is not alone with the bank. They invite the public to deal with the corporation, and when any one accepts their invitation he has the right to expect reasonable diligence and good faith at their hands; and, if they fail in either, they violate a duty they owe, not only to the stockholders, but to the creditors and patrons of the corporation."

See, also, Graves v. Bank, 10 Bush, 23, 1 Thomp. Nat. Bank Cas. 492.

The case of Bartholomew v. Bentley, 15 Ohio, 659, was a suit by an individual creditor of an insolvent bank against the officers of the bank to make them personally liable for losses sustained by the plaintiff as the holder of bank bills, by reason of his relying and acting upon false representations made by them. The court there said:

"It may be regarded as a well-settled principle that for every fraud or deceit which results in consequential damage to a party he may maintain a special action on the case. The principle is one of natural justice, long recognized in the law; and it matters not, so far as the right of action is concerned, whether the means of accomplishing the deception be complex or simple,—a deep-laid scheme of swindling or a direct falsehood, a combined effort of a number of associates or the sole effort of a solitary individual,—provided the deception be effected, and the damage complained of be the consequence of the deception. A valid act of incorporation, or an invalid and pretended right to exercise corporate franchises, is alike powerless to secure the guilty from the consequences of their fraudulent conduct, where it has been knowingly resorted to as the mere means of chicane and imposition, and used to facilitate the work of deception and injury. Were it otherwise, it would be a reproach to the law. If the defendants, with the design to defraud the public generally, have knowingly combined together, and held forth false and deceptive colors, and done acts which were wrong, and have thereby injured the plaintiff, they must make him whole by responding to the full extent of that injury; and they cannot place between him and justice, with any success, the charter of the German-American Bank of Wooster, whether it be valid or void, forfeited or in esse. * *. * Nor is it material that there should have been an

intention to defraud the plaintiff in particular. If there was a general design to defraud all such as could be defrauded by taking their paper issues, it is sufficient, and the plaintiff may maintain his suit provided he has taken the paper, and suffers from the fraud. * * * It is first said that to allow bill holders, who have been defrauded, to sue the members of the company individually at law will produce endless litigation and when applied the remedy cannot by any possibility do equal justice to all the creditors or to the members of the company. It may be that numerous suits will be prosecuted. * * * And yet the doctrine that because they have cheated thousands they are safer than they would be if only one man had suffered does not obtain in courts of justice. * * * Again, it is said the fund sought is a trust fund, and a bill in chancery is the proper remedy. There would be much propriety in the position, were it in point of fact true that a party who has been defrauded by the act of another has no redress save out of the fund composed solely of the proceeds of the imposition. In that case strict equity might require that all those whose injuries had been the source of the fund should share equitably in it. But the rule that a person sustaining damage by fraudulent acts of another can only look to a particular fund of the wrongdoer for redress never existed anywhere."

The cases of Cross v. Sackett, 6 Abb. Pr. 247, and Ward v. Sackett, 2 Bosw. 645, were actions by purchasers of stock of a corporation to recover of directors money paid for stock, upon the ground of false representations made by the directors in a prospectus and other advertisements in regard to the value of the stock. In these cases it was held that the actions could be maintained, and that "there is no wrong or fraud which the directors of a joint-stock company, incorporated or otherwise, can commit which cannot be redressed by appropriate and adequate remedies."

The case of Cazeaux v. Mali, 25 Barb. 578, was an action brought by a stockholder of a corporation against its officers and directors to recover of them personally the loss sustained by him by depreciation in the value of the stock caused by the fraudulent issue of stock beyond the authorized amount. It was there held that the action was properly brought by the stockholder in his own name, without joining other stockholders, the injury to each stockholder being separate and distinct from that sustained by the others, and that the action was well brought against the defendants.

The case of Morgan v. Skiddy, 62 N. Y. 325, was an action brought by the purchaser of the stock of a corporation against the directors personally to recover the money paid for the stock, upon the ground that the plaintiff had been induced to purchase the stock by false representations made in a prospectus issued by the defendants. It was there held that the action was properly brought by the plaintiff, and was maintainable against the defendants, as directors.

The same principle is held in England in Johnson v. Goslett, 3 C. B. (N. S.) 573, and Clarke v. Dickson, 6 C. B. (N. S.) 452. In the recent case of Peek v. Derry, 37 Ch. Div. 541, 585, which was an action of deceit against the directors of the corporation founded upon misrepresentations in a prospectus, the result of the cases is thus summed up by Lopes, L. J.:

"If a person makes to another a material and definite statement of a fact which is false, intending that person to rely upon it, and he does rely upon it, and is thereby damaged, the person making the statement is liable to the person to whom it is made (1) if it is false to the knowledge of the person making it; (2) if it is untrue in fact, and not believed to be true by the person mak-

ing it; (3) if it is untrue in fact, and is made recklessly, for instance, without any knowledge on the subject, and without taking the trouble to ascertain if it be true or false; (4) if it is untrue in fact, but believed to be true, but without reasonable grounds for such belief."

The case of Delano v. Case, 121 Ill. 247, 12 N. E. 676, was an action by a general depositor in a bank against the directors for negligence in permitting it to be held out as solvent, when in fact it was, at the time, insolvent. It was there held if the directors of a bank are guilty of negligence in permitting it to be held out to the public as solvent when in fact it is insolvent, and thereby induce one to deposit his money with the bank, which he loses by reason of its insolvency, he may recover of such directors personally, in an action on the case, the damages he may thereby sustain.

The case of Seale v. Baker, 70 Tex. 283, 7 S. W. 742, was an action by a depositor in an incorporated bank against the directors for the recovery of damages sustained by the insolvency of the bank, in which he was induced to deposit money by false representations of solvency made to the general public by the directors, who knew, or ought to have known, that such representations were false. It was there held that the action was properly brought by the depositor, and that it was maintainable against the directors personally, whether such fraudulent representations were made with the intent to defraud or not. See, also, Neall v. Hill, 16 Cal. 145; Marshall v. Bank, 85 Va. 676, 8 S. E. 586; Wallace v. Bank, 89 Tenn. 630, 15 S. W. 448.

The case of Salmon v. Richardson, 30 Conn. 360, was an action against Richardson and others, as directors of the Bridgeport Insurance Company, for an injury resulting to the plaintiff from 'the fraudulent representations of the directors concerning the assets and condition of the company, whereby he was induced to insure his property in the company. It is there said:

"The defendant Richardson claims that the publication complained of is charged to have been made by the defendants acting as directors of the insurance company, and that no action can be maintained against them for anything done by them while acting in that capacity. We will not stop now to inquire whether, upon the true construction of this count, the false and fraudulent publication complained of is charged to have been made by the defendants when acting in their official or in their personal character, because we think that the law regarding the defendants' liability, in any aspect of it, is not as the defendants claim. * * * Directors of a corporation, in the management of its affairs, are the power which gives expression to its will, but it is no part of their duty to perpetrate crimes or frauds in its name or for its benefit; and, whatever the liability of the corporation may be, the individuals who, under cover of their office as directors, commit frauds like those charged against these defendants, ought to be, and in our judgment are, upon the clearest principles of law and justice, accountable for their conduct in a civil action at the suit of the injured party. It is true that the contract of insurance was made with the corporation, and not with the directors, and that no suit could be maintained upon that contract against such directors, whatever agency they may have had in making it. It was the contract of the corporation, and not of its directors, and there was therefore no privity of contract between the plaintiff and these defendants. But this action is not founded upon any contract, or to obtain damages for the breach of one. The plaintiff's claim is that these defendants, availing themselves of the facilities afforded by their office and position of directors, have perpetrated a flagitious fraud upon him for the benefit of the corporation, and their own pecuniary

profit and emolument as stockholders thereof; that they individually made, and concurred in the making and publishing of, the statement that the affairs of the company were in a sound and prosperous condition, knowing it to be false, and intending to deceive and defraud all property holders who might be induced thereby to insure their property in that company; and, whether directors of a corporation are to be regarded as its agents or its elements, impartial justice and public policy both require that as all natural persons are, so they should be, held responsible to third persons for the misfeasances by them in fact committed or commanded."

See Cooley, Torts (2d Ed.) 578, 579, and notes.

In 1 Mor. Priv. Corp. § 573, it is said:

"It has often been decided that directors are liable for fraudulent representations as to the financial condition of the company, whereby others are induced to give credit to the company, or to purchase its obligations or shares of stock. If directors issue reports or prospectuses intended for general circulation, and to advertise and give credit to the company with the public, they are responsible for the natural consequences of their action in this respect; and, therefore, if the reports or prospectuses are false, and were made fraudulently, any person into whose hands they come, in the ordinary course of events, and who is misled thereby, has his action against the directors; it is not necessary that the misrepresentation be made by the directors directly to the party complaining."

It is insisted that the case of Bailey v. Mosher, 11 C. C. A. 304, 63 Fed. 488, and the cases therein cited, hold a contrary doctrine, but, as we understand that case, it is not inconsistent with the doctrine of the cases above cited. It was an action against the directors of the Capitol National Bank of Lincoln, Neb., to recover damages for false representations made by them to the plaintiff, who was thereby induced to loan money to the bank. The contention on the part of the plaintiff was that the complaint stated a common-law action to recover damages for deceit. On the part of the defendants it was contended that the action was one to recover damages for official misconduct involving a violation of the provisions of the national banking act. The court construed the complaint as one for the recovery of damages for misfeasance in the performance of duties imposed upon them by the national banking act, and held that for such breaches of duty the right of action accrued to the bank, and an action therefor could only be prosecuted by the receiver of the insolvent bank against the directors for the benefit of all its creditors. It is apparent that the court gave a construction to the complaint not contemplated by the plaintiff.

In the case in hand the plaintiffs seek to recover damages for an injury which could in no event give a right of action to the bank or to its receiver, or to any other creditor than the plaintiffs. If the frauds complained of do not give a right of action to the plaintiffs, the defendants will entirely escape liability for fraudulent representations, as shown by the complaint, of the most flagitious character. I do not believe the law is justly obnoxious to such a reproach. In my opinion, the settled doctrine of the law is that if, in the pretended performance of duties imposed upon them by law, the directors of a bank use their official station to make false representations, which are believed and acted upon by third parties, they are liable to respond for the injury done to the one defrauded thereby, and that the liability provided for in the national banking act

cannot be deemed to preclude the right to maintain a common-law action of deceit for such false and fraudulent representations.

It is further insisted that if a cause of action may be maintained against the directors personally, for making false representations to the injury of a depositor, it is not maintainable unless such representations are made in writing, and signed by the party to be charged; citing 3 Burns' Rev. St. Ind. 1894, § 6634 (Rev. St. 1881, § 4909). In view of the construction placed upon the complaint, it is neither necessary nor proper to express any opinion on its sufficiency to withstand the objection growing out of the above-cited provision of the statute of frauds. Having reached the conclusion that the complaint presents common-law causes of action for deceit, it follows that no federal question is presented, and the case must be remanded to the court of the state from which it was removed. Let the case be remanded to the superior court of Marion county, Ind., at the costs of the defendants.