United States Fidelity and Guaranty Company, Appellant, v. Corning State Savings Bank, C. F. Andrews, Receiver, and A. B. Turner and F. C. Reese and others, Directors.

**Corporations:** INSOLVENCY: LIABILITY OF DIRECTORS. Where a creditor of a corporation sues in his own personal right to recover from a director losses which he has sustained by extending credit to the corporation, his action must be founded on deceit and not upon negligence; and ordinarily is at law and not in equity. Thus where it was alleged that the active manager of a bank knew and was responsible for the bank's insolvent condition at the time plaintiff made deposits with the bank, and that the directors were liable for the loss because of their negligence in not knowing such condition, a cause of action was not stated against them.

*Appeal from Adams District Court,* Hon. H. K. Evans, Judge.

Tuesday March 5, 1912.

This action was brought in equity to recover from the directors of the Corning State Savings Bank the losses alleged to have been sustained by the plaintiff as surety for F. L. La Rue, as administrator of two estates; the petition

alleging that he had deposited the funds of said estates in the Corning State Savings Bank, which he himself had rendered insolvent by his criminal and illegal acts, while acting as president and manager of said bank. In the third count of the petition, plaintiff alleged that it had become surety for said bank upon its bond to the county treasurer, given to secure county deposits in said bank; that certain county funds were on deposit in the bank at the time of its failure; and that plaintiff had been compelled to repay said sum. The petition also alleged that the amount of all of said deposits of estate and county funds had been allowed as claims against the estate in the hands of the receiver of the bank, and that certain dividends had been paid thereon. It was further alleged by plaintiff that it had paid its liability to the estates and to the county, and had taken an assignment of their claims against the bank, or its receiver. The plaintiff asked that said claims be declared to be deposits in the bank; that plaintiff be subrogated thereto; that plaintiff have personal judgment against the defendant directors for said several amounts; and that the defendants be required to make an accounting of the property of the bank and the dividends declared. The receiver answered, admitting that the claims set out in the petition had been allowed as deposits against the estate in his hands in favor of the parties originally entitled thereto; that said claims had been assigned to the plaintiff; and that he had notice thereof, and had paid and would pay to the plaintiff any and all dividends which might be declared thereon. On motion of defendants Turner and Reese, the action was transferred to the law docket, on the theory that the plaintiff was seeking to recover for itself alone, and not for the benefit of the estate. Turner and Reese thereafter filed a motion to strike certain parts of the petition, which raised the question of the liability of the director for negligence only, and this was sustained. Still later, Turner and Reese demurred to counts 1 and 2 of the petition, on the ground

that the petition showed upon its face that the deposits were
made by La Rue as administrator, and that he was the man
who knowingly caused the insolvency of the bank and the
losses to the plaintiff in consequence thereof; that plaintiff
stood in La Rue's shoes, and could only recover by showing
that he had been deceived and induced to make the deposits,
believing the bank to be solvent. This demurrer was also
sustained, and judgment was rendered on those two counts
for the defendants. The plaintiff appeals from all of the
rulings mentioned.

*Jas. G. Bull* and *J. K. Macomber,* for appellant.

*A. R. Wells* and *A. Ray Maxwell,* for appellees.

Sherwin, J.—The original order, transferring the
case to the law side of the docket, was made over three years
before this appeal was taken, and the appellees contend that
the ruling was waived by failing to appeal therefrom within
six months. This question is argued only incidentally by
the appellant in connection with its argument of the vital
question, to wit, the liability of the directors to the plaintiff
for negligence alone, and, as we deem the latter question
controlling as to these directors, we shall give but little
attention to the order of transfer. The petition shows, and
in fact, appellant concedes in argument, that its action was
brought in its own behalf alone, and not for the benefit of
the bank, or its other creditors. In our present discussion,
then, we are not called upon to and do not deal with the
question of the liability of directors to the corporation itself
for a breach of their duty. Our sole present inquiry is
whether directors are liable for negligence only to a creditor
of the corporation suing in his own right and for his sole
benefit to recover damages which he has suffered through
the insolvency of the corporation. We are of the opinion
that the great weight of authority holds that directors are

not liable in such an action for mere negligence, unless liability is imposed by statute, and that this court has so held in effect, if not directly. Before going to our own cases, we give the rule govering in the absence of statute or charter to the contrary, as stated by text-books and authority in other jurisdictions.

In 21 A. E. Enc. of Law (2d Ed.) 880, 881, it is said:

In General.—Directors or officers of a corporation who, as such, commit frauds or torts upon third persons, are personally liable therefor, without reference to whether the corporation itself is liable or not. Officers or directors of a bank or other corporation who by false representations or reports of its financial condition, or false prospectuses, or the like, induce persons to subscribe for stock, or to deposit money with the corporation, or to enter into contracts or otherwise to deal with it on the faith of such false representations, are liable to such persons for any loss or injury occasioned thereby. The liability in such case is founded on the tort, and does not depend upon any privity of contract between the parties. But in order to hold an officer or director liable for false representations it must be shown that he himself made, or was personally implicated in making or holding out, such representations, and that they were made by him with knowledge when in fact he had no such knowledge. Moreover, it has been held that the representations must have been made with intent to deceive, and that the plaintiff must have been deceived by them and must have relied and acted upon them.

In General.—Officers, directors, and agents of a corporation are not ordinarily liable for the corporate debts. As a general rule, officers and directors of a corporation are not trustees of the corporate creditors and are not liable to them for negligence or mismanagement of the company's business, resulting in its insolvency, unless made so by charter or statute. But officers and directors may be held liable to corporate creditors for fraudulently diverting or misapplying the corporate assets so as to defraud such creditors.

In 15 Enc. Pl. & Pr., the same rule is given, and it is said, relative to the remedy (page 68): "If the demand of the creditor is based on misrepresentations of the latter [director], the remedy of the creditor is in a court of law by an action for damages resulting from such misrepresentations."

In 10 Cyc. 824, it is said: "Directors, like other agents, are liable to their principal, the corporation, or to its legal representative, for nonfeasance, or for the nonexecution of the duties of their agency. They are also liable to strangers for misfeasance or positive wrong, and they may be so liable jointly with the corporation. The directors of a corporation are not in general, in the absence of statutes making a different rule liable to creditors of the corporation for squandering the assets through breaches of their trust since this is regarded as nonfeasance and primarily as a wrong to the corporation merely."

In 2 Purdy's Beach on Private Corporations, section 766, the rule is also stated as follows:

An agent is personally liable to third persons for his own misfeasances and positive wrongs; but he is not, in general, liable to them for mere nonfeasance or omissions of duty in the course of his employment. His liability, in these cases, is solely to his principal; there being no privity between him and outsiders. The party injured must, in the latter event, look to the principal. Such is the general doctrine of respondeat superior. These familiar principles, applicable in the case of positive torts committed by servants and ordinary agents, must be applied to the misfeasances of directors also. It has never been held that the actual, active perpetration of a wrong to the rights of property of another can find protection under the charter of a corporation any more than in the command or authority of a natural superior.

In Machen's Modern Law of Corporations, section 1645, it is said that directors, by lack of diligence, are guilty of wrongs against the corporation alone.

Taylor on Private Corporations (5th Ed.) section 755, says that directors are not liable to a third person for fraud or other tortious act of an inferior agent.

Clark on Corporations, 517, says that directors are not liable for torts, unless they have personally taken part therein.

The weight of authority sustains the views thus voiced by the text-writers; but we shall not extend this opinion by citing the cases from other jurisdictions. We come now to a consideration of our own cases on the subject, which, we think, are determinative of the question. *Frost Mfg. Co. v. Foster,* 76 Iowa, 535, was an action, brought by the creditors of a corporation against its directors, for negligent and willful mismanagement, amounting to a fraud upon the creditors. Their acts were held not to be fraudulent in view of the circumstances, and on the question of negligence it was said:

It has often been held that the assets of an insolvent corporation constitute a trust fund for the payment of its debts, and that one having such assets in his hands is liable as trustee to the creditors, and that is, perhaps, the settled law in this country; but when the corporation is solvent, officers and directors who manage its business, while they are regarded as the agents of the company, and in some sense as the trustees of the stockholders, are neither the agents nor trustees of the creditors. They are not answerable to them, either in the management of the affairs of the company, or in the disposition they make of its property, unless made so either by the provisions of the charter or some general statute, neither of which is claimed to exist here. While the corporation is solvent, and continues in business, the creditor has no interest in or lien upon the property by virtue of the fact merely that he is a creditor. . . . In the present case, no complaint is made of the disposition of the property made by the officers after the insolvency of the company. . . . But the ground of the complaint is that by their mismanagement of its affairs they have reduced it to insolvency. That they are not answer-

able to the creditors for such mismanagement is clear, both upon principle and authority.

In *Warfield v. Clark*, 118 Iowa, 69, the action was against an officer of the corporation for deceit, and it was said in considering an instruction on the question of negligence: "This action is founded on active and conscious misrepresentations as to the condition of the company, and can only be sustained by proof of intentional fraud. It cannot be predicated on negligence, however gross."

In *Hubbard v. Weare*, 79 Iowa, 678, the suit was in equity for fraud and misrepresentation as to the condition of the corporation, inducing the purchase of stock, and, while the precise question now before us was not there considered, it was held that that action could not be maintained without proof of *scienter*. And such was the holding in *Boddy v. Henry*, 113 Iowa, 462, both of which cases lend support to the conclusion we reach herein.

In *Williams v. Dean*, 134 Iowa, 216, an action was brought against the directors of a fair association, where the liability of the corporation itself was not involved, and we said:

We have yet to determine the liability of the defendants, who were the officers and directors of the society. The action sounds in tort, and is manifestly for trespass, or, perhaps, trespass on the case. Defendants were, of course, agents of the society. They were not the society itself, but were acting purely in a representative character. If liable at all, it is because of what they did. If they were guilty of some misfeasance or trespass, as distinguished from mere nonfeasance, then they were and are liable, and they cannot shield themselves by saying that they were acting as agents for the society. And in this connection it is entirely immaterial whether their acts were *ultra vires* or within the scope of their authority. No one is permitted to say, in an action against him for trespass or for misfeasance, that he was acting as an agent in doing the matters complained of, and is therefore not liable. Nor is his liability to be

measured by the extent of the authority conferred upon him. On the other hand, no agent is liable to a stranger simply for nonfeasance; that is to say, for failure to do some act which his principal commits to his care.

While some of our own cited cases do not treat fully the question under present consideration, they all lend more or less support to our conclusion, because they recognize the rule that we here announce. The appellant does not claim that liability for negligence is imposed on the directors by the statute, but bases its claim on general principles. Nor do we know of any statute which creates liability for negligence only. Under the statute, directors and officers are liable for willful wrongs only, and in actions under sections 1620 and 1621, we have always held that there can be no recovery, except upon the ground of deceit, with *scienter* proven. *Hoffman v. Dickey,* 54 Iowa, 135, *Frost Mfg. Co. v. Foster, supra; Hubbard v. Weare, supra; Swartley v. Creamery Co.,* 135 Iowa, 573.

And in the last case cited, it was expressly held that, as only a money judgment was demanded against the defendants, the action was purely legal, and should be prosecuted on the law side of the calendar, and we think the holding determinative of the present question of transfer to the law docket. Our conclusion is that, where a creditor of a corporation sues in his own personal right to recover from a director losses which he has sustained by extending credit to the corporation, his action must be founded on deceit, and not upon negligence, and that it must ordinarily be brought at law, and not in equity. It was alleged that La Rue made the deposits as administrator of the two estates, referred to in counts 1 and 2 of the petition, and that he wrecked the bank by his own criminal acts. If this be true, we do not see upon what theory of the law it can be said that the plaintiff suffered loss by the false and fraudulent representations of the defendant directors. It was not alleged that they were active in the management

of the bank. On the contrary, it was averred that La Rue was the manager of and knew and was responsible for the bank's insolvent condition when he made the deposits, and that the defendant directors were liable for negligence in not knowing of such condition. Surely a legal fiction cannot be built up that La Rue, the banker, and La Rue, the administrator, were separate and distinct personalities, and on the strength thereof say that La Rue was misled by any negligent or affirmative act of the directors. We are of the opinion, therefore, that the demurrer to counts 1 and 2 of the petition was rightly sustained. The judgment of the trial court should be and it is *affirmed*.