## MICHELSEN et al. v. PENNEY.

District Court, S. D. New York.
July 18, 1934.

I. Gainsburg, of New York City (Kendall A. Sanderson, of New York City, of counsel), for plaintiffs.

Gwinn & Pell, of New York City (Ralph W. Gwinn and Caleb C. Curtis, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The defendant has moved to dismiss the bill on various grounds, the one pressed the hardest being on misjoinder of causes of action, and in the alternative has moved to strike out several allegations in the bill.

The bill is by three plaintiffs, two of them depositors in the City National Bank in Miami, Florida, and the third the president of a corporation which was a depositor. It is brought by the plaintiffs in their own behalf, also as assignees of a number of other depositors whose names and deposits are set forth in an annexed schedule, and also in behalf of all other depositors similarly situated. It is alleged that the bank closed its doors on December 22, 1930, and that one Spurway was designated receiver by the Comptroller of the Currency; that the bank was insolvent from February 9, 1928, until the time when it was closed and still is insolvent; that dividends aggregating 32½ per cent. have been paid to depositors; and that the plaintiffs have demanded of the Comptroller and of the receiver that suit be brought against the defendant for losses suffered by the bank through the defendant's conduct, but that they have refused to sue. It is charged that the defendant was a director of the bank and had a controlling interest in its stock; that although he knew of the insolvency, he permitted the bank to remain open for business and invited deposits of money; that he caused preferences to be made by the bank to himself and to a corporation owned by him; that he caused and permitted the bank to make investments in certain specified securities which were of little or no value; that he caused and permitted it to carry assets on its books at inflated values in order to conceal its true condition; that the transactions complained of were the consequence of the defendant's misconduct as a director and of his failure diligently and honestly to supervise the business of the bank.

The bill then proceeds to set forth, in paragraphs 24 to 29, inclusive, various representations made by the defendant in reference to the bank's solvency. It is alleged that he authorized, approved, suffered, and permitted the filing with the Comptroller of reports which failed to set forth the true condition of the bank; that he made statements to the general effect that the bank was in a sound condition and caused such statements to be published in newspapers and posted in the bank; that such state-

ments were false and known by the defendant to be false and were made to prevent withdrawals by the depositors and to cause them to make further deposits; that the depositors, by reason of the bank being permitted by the defendant to remain open and by reason of the defendant's representations, were induced to make deposits, not discovering the true state of affairs until December 15, 1932. It is finally alleged that the suit involves questions of law and of fact common to all depositors; that the plaintiffs and their assignors have suffered losses of $132,000, and other depositors losses of $3,500,000.

The relief demanded includes judgment for the plaintiffs in the sum of $132,000; an accounting by the defendant of his official conduct in management of the bank; payment by the defendant to the bank or the depositors of the money or the value of property acquired to himself or transferred to others or wasted through neglect or other violations of his duty; and determination by the court of the losses and damages of the depositors.

██ It is quite evident that the draftsman of the bill had in mind two sorts of liability on the part of the defendant. In the first part of the bill it is alleged that the defendant in his capacity as a director willfully or negligently caused heavy losses to the bank, resulting in its insolvency and inability to pay depositors; that he took preferential payments; and that the receiver although appealed to refused to bring suit in behalf of the bank. It is in reference to this liability that the suit is brought in behalf of all depositors as a class. Such a cause of action is clearly a derivative one, somewhat analogous to a stockholder's bill. The creditors of a failed bank are the cestuis que trust of the receiver and may maintain suit to enforce the bank's rights, including the right to claim damages due to neglect of the directors, on refusal of the receiver to take action. The damage done by a director's misfeasance or nonfeasance is damage to the bank and is generally made the subject-matter of litigation in a suit brought by the bank or its receiver. Briggs v. Spalding, 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662; Bowerman v. Hamner, 250 U. S. 504, 39 S. Ct. 549, 63 L. Ed. 1113; Corsicana Nat. Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141; Bates v. Dresser, 251 U. S. 524, 40 S. Ct. 247, 64 L. Ed. 388. The damage to depositors is indirect only, and it is generally recognized that for such matters a depositor has no direct and individual right of action against a director. Clark v. Lawrence, Fed. Cas. No. 2,827, decided by Mr. Justice Curtis in the Circuit Court of Massachusetts and adopting the reasoning in Smith v. Hurd, 12 Metc. (Mass.) 371, 46 Am. Dec. 690; Stephens v. Overstolz, 43 F. 771, 774 (C. C. Mo.); National Exchange Bank v. Peters, 44 F. 13 (C. C. Va.); Union Nat. Bank v. Hill, 148 Mo. 380, 49 S. W. 1012, 71 Am. St. Rep. 615; Allen v. Cochran, 160 La. 425, 107 So. 292, 50 A. L. R. 459; Branch v. Roberts, 50 Barb. (N. Y.) 435; Brown v. Orr, 112 Pa. 233, 3 A. 817; Hart v. Hanson, 14 N. D. 570, 105 N. W. 942, 3 L. R. A. (N. S.) 438; Zinn v. Mendel, 9 W. Va. 580; United States Fidelity & Guaranty Co. v. Corning State Bank, 154 Iowa, 588, 134 N. W. 857, 45 L. R. A. (N. S.) 421; see also note in 50 A. L. R. 462. The rule is not affected by anything contained in section 5239 of the Revised Statutes (12 USCA § 93). To the extent that Boyd v. Schneider, 131 F. 223 (C. C. A. 7), contains language indicative of a direct contractual relationship between depositors and directors of a bank, said to spring out of the contracts of deposit, the case is opposed to the great weight of authority and cannot be followed.

██ On the other hand, depositors may maintain a suit in equity, in the nature of a creditors' bill, to press the claims of the failed bank against directors at fault where the receiver declines to sue. Such a suit is always in equity and is in behalf of all depositors and creditors similarly situated. Boyd v. Schneider, supra; Savings Bank v. Caperton, 87 Ky. 306, 8 S. W. 885, 12 Am. St. Rep. 488; Ackerman v. Halsey, 37 N. J. Eq. 356; Marshall v. Farmers' & Mechanics' Savings Bank, 85 Va. 676, 8 S. E. 586, 2 L. R. A. 534, 17 Am. St. Rep. 84; Gores v. Field, 109 Wis. 408, 84 N. W. 867, 85 N. W. 411. The present suit, in this aspect of it, is properly brought by the plaintiffs in behalf of all other depositors, and the bill, although somewhat inartificially framed, states a cause of action cognizable in a court of equity. The failure to join the receiver as a defendant is not necessarily fatal; it may be that he cannot be served in this district.

██ The latter part of the bill is devoted to allegations of false representations made by the defendant as to the bank's solvency,

known by him to be false and relied on by the plaintiffs and depositors generally. It is obvious that this grievance is in no sense a derivative one. It is a departure from the earlier part of the bill. The bank was not harmed by the defendant's representations. The cause of action in such a situation is personal and individual to every depositor who has been misled by the defendant's statements, and the remedy is an action at law, based on violation of the statute (R. S. § 5239 [12 USCA § 93]) so far as false reports to the Comptroller of the Currency are relied on, and based on ordinary deceit in respect of other forms of misrepresentation. Yates v. Jones Nat. Bank, 206 U. S. 158, 27 S. Ct. 638, 51 L. Ed. 1002; Thomas v. Taylor, 224 U. S. 73, 32 S. Ct. 403, 56 L. Ed. 673; Chesbrough v. Woodworth, 244 U. S. 72, 37 S. Ct. 579, 61 L. Ed. 1000; Prescott v. Haughey, 65 F. 653 (C. C. Ind.). Here the allegation as to false reports to the Comptroller of the Currency is insufficient as it stands, for failure to aver that the defendant knowingly violated the law in reference to the reports and that the reports were relied on by the depositors (Yates v. Jones Nat. Bank, supra), but as to the other misrepresentations there seems to be no infirmity. There is an adequate remedy at law on this cause of action and the defendant may not be deprived of his right to trial by jury.

The plaintiffs point out that the depositors are numerous and that common questions of fact and of law are involved as to the claim of each one. But these considerations do not justify the casting of many actions at law for deceit into one suit in equity, nor do they permit some of the allegedly defrauded depositors to bring a class or representative suit in behalf of all. The authorities leave no room for doubt on this point. Watson v. Huntington, 215 F. 472 (C. C. A. 2); Associated Almond Growers v. Wymond, 42 F.(2d) 1 (C. C. A. 9); Hallows v. Fernie, 3 Ch. App. 467, 471; Clarkson v. Davies [1923] A. C. 100; Churchill v. Whetnall, L. J. R. 1913, 87 Ch. Div. 524; Willcox v. Harriman Securities Corporation, 10 F. Supp. 532, decided by this court December 8, 1933. There is no escape from the conclusion that the cause of action for false representations made to depositors is essentially one for which there is an adequate remedy at law and therefore is not of equitable cognizance.

The case then is one where the plaintiffs have joined a cause of action in equity with one at law in the same suit. It is true that there is no separate stating and numbering, but the two causes of action are present in the one bill. See Price v. Coleman, 21 F. 357 (C. C. Mass.) decided on circuit by Mr. Justice Gray; Price v. Union Land Co., 187 F. 886 (C. C. A. 8); Killen v. Barnes, 106 Wis. 546, 82 N. W. 536; Frederick v. McRae, 157 Minn. 366, 196 N. W. 270. Joinder of a cause in equity and a cause at law in one proceeding is not permissible in the federal courts, irrespective of notions of convenience. Twist v. Prairie Oil Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297. The two causes must be prosecuted in separate proceedings, the one by suit in equity and the other by action at law. The defendant's motion based on misjoinder of causes of action is well taken, therefore, and the bill will be dismissed for misjoinder, with leave to the plaintiffs to recast their present bill so as to include only the derivative cause of action, and with leave to set forth the cause of action for false representations in an action to be brought on the law side.

Since the causes of action must be severed and the pleadings recast in any event, it is unnecessary to pass now on the other objections leveled at this bill and at the causes of action embodied in it. I will say, however, for the future guidance of the parties, that in an action at law based on deceit said to have been practiced on a large number of persons, a class suit cannot be maintained; further, that in a suit in equity brought by certain depositors in behalf of all, the requirements of rule 27 of the Equity Rules (28 USCA following section 723) relative to suits by stockholders are not applicable. The order may be settled on two days' notice.