# Penn Bank to Use of Warner *versus* Hopkins et al.

1. A creditor's bill may be maintained against the directors of an insolvent corporation for mismanagement of its affairs.

2. Where a creditor's suit has been brought against the directors of an insolvent corporation to which the assignee, for the benefit of creditors of the same has been made a party defendant, the pendency of the suit is a good plea in abatement to an action at law subsequently brought for the same cause by the assignee in the name of the bank against the directors.

3. Although where a right of action lies exclusively in a corporation,

[Warner v. Hopkins.]

creditors cannot file a bill to enforce the right until after a demand upon and refusal by the corporation to proceed, yet where the wrong complained of is one perpetrated by the managers of the corporation, a creditor's suit may be immediately brought.

4. This right of the creditor is not taken away or postponed by the existence of a voluntary assignment for the benefit of creditors of the corporation.

5. Creditors filed a bill against the directors of an insolvent bank, the assignee thereof subsequently brought an action against the directors for the same cause in the name of the bank:

*Held*, that as the parties were *substantially* the same, each case being against the same defendants and brought by or for the corporation for the benefit of its creditors, the pending of the bill was well pleaded in abatement in the action at law.

November 11th, 1885. Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT and GREEN, JJ. GORDON and CLARK, JJ., being interested in the decision of the cause did not sit.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term, 1885, No. 168.

This was an action in case by The Penn Bank, a corporation under the laws of the State of Pennsylvania, to the use of Henry Warner, assignee for the benefit of creditors, against the directors of the said bank to recover large sums of money alleged to have been lost to the corporation by reason of the carelessness, negligence and want of due and proper care on the part of the defendants in the control, direction and management of the affairs, business and property of the bank.

The bank made the assignment to Warner on May 28th, 1884; this action was brought October 30th, 1884. To the declaration filed the defendants pleaded in abatement (1) That before the commencement of the action by Warner as assignee a bill in equity had been filed in the Court of Common Pleas, No. 2, for Allegheny County, against the same defendants for the identical causes of action complained of, by E. W. Swentzel, J. M. Montgomery and over a hundred other creditors of the Penn Bank, whose names were set out in the plea, and who filed the bill for themselves and such other creditors of the Penn Bank who might join therein, which said suit was still pending at the time of plea pleaded; (2) That before the commencement of the action a bill in equity for the identical causes of action had been brought in the Court of Common Pleas, No. 2, of Allegheny County, against the same defendants and Warner assignee as aforesaid, by Elias J. Unger and others, alleging themselves creditors of the Penn Bank, and that they had filed the bill for themselves and any other creditors who might join therein, which said suit was still pending at the time of the plea pleaded.

[Warner *v.* Hopkins.]

· The plaintiff demurred to the plea, on the ground that it was double, and also uncertain, informal and insufficient, etc. After argument the Court overruled the demurrer and entered judgment in favor of the defendants, that the writ be quashed.

The plaintiff took this writ assigning for error the judgment of the Court quashing the writ.

*S. A. McClung* and *A. M. Brown,*(with them, *H. A. Miller*) for the plaintiff in error.

The plea is double in that it sets out two independent suits. The statute of Anne does not apply to pleas in abatement, and the leave of Court is never granted to file more than one dilatory plea: Stephens on Plead., p. 266; P. & C. R. R. Co. *v.* Mt. Pl. R. R. Co., 26 P. F. S., 489. This is not urged on technical grounds alone, for the defendants in order to state the exact facts were obliged to set up the pendency of both suits. Two bills were filed•by two different sets of creditors, and both were sustained by the Court below. Now if two suits by two different plaintiffs are sustained, it must be because the sole right to maintain the suit is not in either.

The parties are different in the bills and the action, and to sustain a plea of the pendency of a prior action the parties, as well as the cause of action, must be the same: Cornelius *v.* Vanarsdallen's Adm., 3 Barr, 434; Blackburn *v.* Watson, 4 Norris, 241; Thomas *v.* Freelon, 17 Verm., 138; Casey *v.* Harrison, 2 Dev., 244. The fact that the present plaintiff is a defendant in one of the pending bills does not abate the writ in this action: Osborn *v.* Cloud, 23 Iowa, 104. The plea of *lis pendens* applies exclusively to the case where the plaintiff in both suits is the same and both are commenced by himself: In re Certain Logs of Mahogany, 2 Sumn., 589.

Whether the cause is the same as in the suits pleaded in abatement or not, the right of action is in the plaintiff in this action. Creditors may maintain bills if the assignee refuses or neglects to sue. It is not averred here that there has been any neglect or refusal on the part of the assignee to sue the directors: See Taylor on Corp., § 615; Ackerman *v.* Halsey, 37 N. J. Eq., 356; Hersey *v.* Veazie, 24 Me., 9; Smith *v.* Hurd, 12 Metc., 371; Hun *v.* Casey, 82 N. Y., 65; Hodges *v.* N. E. Screw Co.; 1 R. I., 312; Brinckerhoff *v.* Bostwick, 88 N. Y., 52; Conway *v.* Halsey, 15 Vr., 462.

*D. T. Watson* (with him *Knox & Reed, Isaac Van Voorhis, Thos. C. Lazear, J. F. Slagle* and *Sol. Schoyer*), *contra.*—The action of the Court below is directly sustained by the case of the Pittsburgh & Connellsville R. R. Co. *v.* Mt. Pleas. & Broad Ford R. R. Co., 26 P. F. S., 481. The test is, Could a final

[Warner v. Hopkins.]

decree in favor of the defendants in the equity suits be pleaded in bar of the common law action? If it could, then the pendency of the suits can be pleaded in abatement. Here the allegation, admitted by the demurrer, is that each of the cases in equity was brought for "the identical causes of action complained of" in the common law action. Hence in the equity cases as well as in the common law case there can be a recovery against the defendants if the alleged causes of action exist, and a decree against the defendants would be a decision on the identical questions raised in the action at law, and would be a bar, if to both the equity and law cases the real parties are the same. The law regards only the real, the legal parties and not the use party: Memphis R. R. Co. v. Wilcox, 48 Pa. St., 168. Any *cestuis que trust* may use the name of the legal plaintiff, and a recovery by one will be pleadable in bar of the action of the other: Armstrong v. City of Lancaster, 5 Watts, 68; Insurance Co. v. Smith, 1 Jones, 124. Here the equity and law cases alike claim that the defendants, the directors are liable for losses suffered by the Penn Bank through their alleged negligence as directors. In each suit it is the loss to the Penn Bank that it is sought to recover. The Penn Bank is the real party entitled to recover in each. Neither the assignee nor the numerous creditors could maintain an action at common law to recover from these directors. The Penn Bank is made in each of the equity cases a defendant, and in the Unger bill, Warner, assignee, is also made a defendant. It is immaterial in equity whether a person appears as a party plaintiff or defendant, for in either case he can obtain the same relief: Mitford Eq. Pl., pp. 17, 18.

The theory of the equity cases is the same as that of this case, i. e., that assignee and creditors may both sue the directors for losses suffered by the bank. The only difference is a technical one, i. e., at law the person in whom is the legal title must be made plaintiff, in equity the *cestuis que trustent* claiming as creditors of the Penn Bank may sue, but in either case the bank is the real party: Craig v. Gregg, 83 Pa. St., 21. The liability is to the corporation, if it decline to sue, any creditor or the assignee may sue if at law. in the bank's name, if in equity some creditors representing the others may sue, and in such cases all the creditors are protected: Chambers v. Waterman, 1 Leg. Gaz. Rep., 60; Cunningham v. Pell, 5 Paige Ch., 607; Robinson v. Smith, 3 Id., 222; Maisch v. Saving Fund, 5 Phila., 32. The assignee has no rights superior to the creditors to maintain such an action, indeed, it is doubtful whether his rights in that respect are equal to those of the creditors: See the remarks of SHARSWOOD, J., in Maisch v. Saving Fund, *supra*.

[Warner *v.* Hopkins.]

Mr. Justice PAXSON delivered the opinion of the court, January 4th, 1886.

There are three suits pending against the defendants. The first in point of time is a bill in equity, in Common Pleas No. 2, of Allegheny County, No. 304, of July Term, 1884. This bill was filed by numerous creditors of the Penn Bank for themselves, and any other creditors of said Penn Bank who may join therein. The second is also a bill in equity filed in said Court, No. 370, of July Term, 1884. In this suit Henry Warner, assignee of said bank, is joined as a defendant. The third and last suit was an action at law, brought in the name of the Penn Bank to the use of Henry Warner, its assignee. To the plaintiff's declaration in the latter suit the defendants pleaded specially in abatement, the pendency of the two prior equity suits, to which plea the plaintiffs demurred. The Court below, after argument, gave judgment on the demurrer in favor of the defendants, and that "plaintiff's writ abate and be quashed." It was to review this ruling that this writ of error was sued out.

The demurrer admits, and the fact is not denied, that the three suits are substantially for the same cause of action. Can they all be sustained and prosecuted at the same time? The obvious test of this is to consider the effect of a final decree in the equity suit. I say suit, because although two bills have been filed, they must eventually be consolidated and treated as one. Each bill is filed by creditors for themselves, and all other creditors who may join therein; the cause of action is the alleged negligence of the defendants as directors of the bank in not properly conducting its business and preserving its assets. The acts charged affects all the creditors alike. For such a cause a single creditor could not maintain a suit at law. The remedy of the stockholders must be in a form to protect the interests of the corporation as the trustee for all the stockholders and the creditors: Craig *v.* Gregg, 2 Norris, 19. And by analogy, I apprehend a bill would not lie by a single creditor unless some special damage not common to other creditors was averred. The reason is that if each individual creditor could maintain his action, the directors might be bankrupted and nothing left for, the general creditors. The bills filed may be regarded as bills by and for the corporation: Chambers *v.* Waterman, 1 Legal Gaz. R., 60. The alleged acts of negligence complained of, were a wrong and injury to the corporation by means of which the creditors have been injured, and separate bills cannot be sustained on behalf of creditors any more than by the corporation directly.

Had the creditors the right to file a bill? Of this we entertain no doubt. It was held in Watt's Appeal, 28 P. F. S.,

370, that the shareholders are entitled to proceed by bill against the directors of a corporation for mismanagement of its affairs: Citing Spering's Appeal, 21 P. F. S., 24, and Gavenstine's Appeal, 13 Wr., 310. It is settled by numerous cases that the creditors have the same right. That the shareholders are not joined in this bill as complainants is of no moment. The corporation is hopelessly insolvent, and there will be nothing left for them in any event.

It was urged, however, that the liability of the directors is to the corporation, or its assignee; that the latter having commenced a suit in the name of the corporation, he is entitled to proceed notwithstanding the equity suits. In other words, that the prior suits must abate, for this is precisely what it comes to. The suits cannot all go on to final judgment or decree, else the defendants might have three judgments against them for the same cause of action. This cannot be allowed. It may be that had the assignee been first in point of time with his suit, such suit could have been pleadable in abatement or suspension of the equity suits. But he did not do so. He neglected or delayed to bring his suit until after the bills had been filed. To one of these bills he has been made a defendant. The process and practice in equity is so pliable, that under the bill complete justice may be done. It is wholly immaterial whether he is a plaintiff or a defendant. He can change his position and become a plaintiff, an actor, and as such may press the bill although all the other plaintiffs should abandon it. It is said, however, that the assignee is thus compelled to ligitate in a forum not of his own choosing. But it seems to have been overlooked that the same may be said with far more force as regards the creditors. The assignee is but a trustee, selected by the very men whose sins of commission or omission are the subject of this investigation. What superior equity has the assignee to select his forum over the heads of his *cestuis que trustent* who are the creditors, vitally interested in the proceeding? I cannot do better than to introduce here the remarks of the late Chief Justice SHARSWOOD, in the case of Maish v. The Savings Fund, while President Judge of the District Court of Philadelphia: " As to the second objection, that the liability of the officers and directors is to the corporation or its assignee. No doubt the right to sue at law is in these parties. But then they are but trustees, and it seems plain that if the corporation is so constituted, as is this one, that the corporators or a majority of them are the very defendants, the *cestuis que trustent* may come immediately into court. A proceeding in equity is a very pliable process, and provided all the necessary parties are before the Court, so that the decree may be binding upon all, it matters

little whether they appear as complainants or defendants. Nothing is better settled, for example, that if an executor or administrator refuse to collect an outstanding debt or fund belonging to the estate, the creditors, legatees, or distributees may bring their bill against the person by whom such debt is due, making the delinquent trustee a defendant also: Lancaster *v.* Evors, 4 Beavan, 158. So a residuary legatee of a deceased member of a partnership, in a bill against the executors for an account, may join the surviving partners as parties defendant, in order to have a full account of all the personal assets taken at the same time, and that, says one case, even without any charge or proof of collusion: Bowsher *v.* Watkins, 1 Russ & Mylne, 277; though that is denied in a later case: Davies *v.* Davies, 2 Keen, 534. But surely no charge of collusion between the corporation and the other defendants is necessary when the other defendants are the very corporators themselves. If, then, the corporation need not be plaintiff, how does their voluntary assignee stand in a better place? It would be to allow the defaulting corporators to choose the hand which is to administer to them the chastisement they have incurred; and however satisfactory might be the security given by the assignee, there would be a great difference in the mode in which the suit would be prosecuted in the hands of a friend, or in the hands of the defrauded *cestuis que trustent.*"

It is said, however, that when the right of action is in the corporation or its assignee, a bill will not lie by creditors until after a demand upon, and a refusal by the corporation to proceed, and that such demand and refusal must be averred in the bill.

This is true where the right of action is exclusively in the corporation, and where there has been neither neglect nor refusal to bring suit. Thus, where a corporation has neglected to call in instalments of stock, I apprehend a creditor's bill would not lie to compel payment thereof until after a demand upon the corporation to call in and collect the same, and its refusal to do so. It seems equally clear both upon reason and authority that where the wrong complained of was perpetrated by the managers of the corporation themselves, the creditors may come immediately into Court with their bill: Morawetz on Private Corporations, § 386, and cases there cited. Why ask a board of directors to commence a suit against themselves? And if they should comply with such request, what confidence would the creditors have that it would be prosecuted with effect? The fact of the existence of a voluntary assignee does not change the rule. He stands upon the foot of his assignors, is selected by them, and may be pre-

[Wildee v. McKee.]

sumed to be a friendly assignee.  We have no reason to sup
pose that the assignee of the Penn Bank would not do his full
duty, but we are speaking of general principles, not particular
persons.  He might have brought a suit before the bill was
filed, but did not.  The creditors had a right to file their bill;
it covers the same ground as the suit at law, and we are of
opinion that a decree under it would conclude all parties, and
be a bar to any proceedings at law.

It remains to notice one or two technical matters.  It is
alleged, (1) That the plea is double; and (2) That the
parties are not the same.  The pleadings in this case do not
indicate the highest degree of skill, and in this respect we do
not think either side has much advantage over the other.  If
the plea was open to the objection of being double it might
have been stricken off upon application made at the proper
time: Pittsburgh & Conn. R. R. Co. v. Mt. Pleasant R. R.
Co., 26 P. F. S., 481; Steph. on Pleading, 276.  We are not
disposed to rule the case at this stage upon grounds so purely
formal.  Nor is there any merit in the point that the parties
are not the same.  They are substantially the same.  Each is
an action by or for the corporation for the benefit of all its
creditors, against the same defendants.

Judgment affirmed.