THE FROST MANUFACTURING CO. V. FOSTER, ADM'R.

THE WISCONSIN MALLEABLE IRON CO. V. THE SAME.

ANDREWS BROTHERS & CO. V. THE SAME.

Corporations : MISMANAGEMENT BY DIRECTORS : LIABILITY. The directors and officers of a corporation do not become personally liable to its creditors on the ground that they have mismanaged its business and contracted an indebtedness in excess of the limit prescribed by its charter and the published notice of incorporation, unless they are made liable by the provisions of the articles of incorporation. There is no statute making them thus liable. And it makes no difference that the credit was extended in reliance upon the business character and financial responsibility of such directors and officers.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, JANUARY 18, 1889.

THESE causes involve the same questions, and will be disposed of in a single opinion. Defendant's intestate was one of the incorporators of a company known as the "Burlington Plow Company." He was also director of the company and its president. The actions

536 SUPREME COURT OF IOWA,

The Frost Manuf. Co. v. Foster, Adm'r.

were brought to charge the estate with certain debts of the corporation, it having become insolvent. The district court sustained demurrers to the petitions, and the appeals are from those orders.

*J. T. Illick* and *P. Henry Smyth & Son*, for appellants.

*Power & Huston* and *Newman & Blake*, for appellee.

REED, C. J.—It is alleged in the petitions that the articles of incorporation of the company provided that "the highest amount of indebtedness to which the corporation may subject itself is two-thirds of the amount of its capital stock;" also that the published notice of incorporation, which was signed by the intestate as one of the incorporators, contained the same limitations; but that, notwithstanding such limitation, the company, through the negligence of its officers and directors, and their wilful mismanagement of its affairs, did contract an indebtedness greatly in excess of that amount; and that plaintiffs, while ignorant of that fact, and relying on the business experience and reputation of the intestate, and his known financial responsibility, extended credit to it; also that, owing to the wilful mismanagement of said officers and directors, the company became insolvent, and that they then executed a mortgage, whereby they pledged the whole of its assets for the security of debts, which it was owing to certain of their own number.

It was contended in argument that the conduct of the officers and directors, as detailed in the petitions, amounted to a fraud upon the creditors, and that they are answerable on that ground for the losses sustained by the latter; also that the relation of trustee and *cestui que trust* existed between the parties, and that the officers are liable, on the ground that they have abused the trust. In our opinion, neither of these positions can be sustained. It is certainly true, under the provisions of our statute (Code, sec. 1071), that an officer or

director of a corporation, who wilfully and knowingly misrepresents its conditions or circumstances to one who is thereby deceived and induced to extend credit to it, would be held liable for the injury on the ground of fraud. But it was expressly admitted in argument that the claim of liability was not based upon the provisions of the statute, but was made under the general principles of the common law. But there is no allegation of either misrepresentation or concealment of the true condition of the company at the time the credit was extended. The sole complaint is that the officers violated the charter rights of the company by incurring an indebtedness in excess of the limit prescribed in the articles and published notice. Very clearly that was not a fraud upon those who extended the credit; for, by inquiry or examination at the time, they might have ascertained the condition of the company. The limitation was inserted in the articles and notice, not for the purpose of obtaining credit, but as defining the extent of its powers; and, when the question relates simply to its solvency, no one is warranted in dealing with it upon the strength of that limitation. The allegation that the credit was extended in reliance on the business character and financial responsibility of the intestate is clearly immaterial, for there is no pretense that he was bound by any contract to answer for the debts of the corporation.. It has often been held that the assets of an insolvent corporation constitute a trust fund for the payment of its debts, and that one having such assets in his hands is liable as trustee to the creditors, and that is perhaps the settled law in this country; but when the corporation is solvent officers or directors who manage its business, while they are regarded as the agents of the company, and in some sense as the trustees of the stockholders, are neither the agents nor trustees of the creditors. They are not answerable to them, either for the management of the affairs of the company, or the disposition they may make of its property, unless made so either by the provisions of the charter or some general statute, neither of which is claimed to exist here. While the

corporation is solvent, and continues in business, the creditor has no interest in or lien upon the property by virtue of the fact merely that he is a creditor. But he bears precisely the same relation to it as to any other person to whom he may have extended credit. In the present case no complaint is made of the disposition of the property made by the officers after the insolvency of the company. Indeed, the validity of that conveyance was expressly determined by this court in *Garrett v. Plow Co.*, 70 Iowa, 697. But the ground of the complaint is that by their mismanagement of its affairs they have reduced it to insolvency. That they are not answerable to the creditors for such mismanagement is clear, both upon principle and authority. *Smith v. Poor*, 40 Me. 415; *Fusz v. Spaunhorst*, 67 Mo. 256; *Zinn v. Mendel*, 9 W. Va. 580.

AFFIRMED.