## FOSTER et al. v. BANK OF ABINGDON et al.

(Circuit Court, W. D. Virginia. July 27, 1898.)

1. BANKS AND BANKING—SUITS BY DEPOSITORS.

A depositor in a bank does not sustain to it a relation like that of a stockholder in a corporation, and therefore is not subject to the requirement of the ninety-fourth equity rule, requiring stockholders, before they can maintain suits, to assert rights properly enforceable by the corporation itself, to show that they have sought in vain to procure action by the corporation.

2. EQUITY PLEADING—JOINDER OF CAUSES OF ACTION.

A bill by depositors against the directors of a bank for negligence in the discharge of their duties resulting in injury to plaintiffs and other depositors is not rendered bad for misjoinder of causes of action by a further allegation that the president of the bank, by fraudulent representations, induced plaintiff to deposit money therein.

Rhea & Peters, Curtain & Haynes, and D. F. Bailey, for complainants.

White & Penn, Fulkerson, Page & Hurt, and Honaker & Hutton, for defendants.

PAUL, District Judge. This suit is brought by the plaintiffs, who were depositors in the Bank of Abingdon. They sue for themselves and all other creditors who may come into the cause and contribute to the costs thereof. The only questions now before the court are raised on demurrer filed by the defendants. The grounds assigned for sustaining the demurrer are the following:

"(1) That it appeareth by the complainants' own showing by the said bill that they are depositors in the Bank of Abingdon, an ordinary bank of discount and deposit, of which the defendants were directors, and that, being such, they have no right to institute this suit against the said defendants, there being no allegation in said bill that the authorities of said bank decline to sue.

"(2) That the said bill is exhibited against these defendants by complainants, on behalf of themselves and all other creditors of said bank, to hold them responsible as directors of the said Bank of Abingdon for losses alleged to have occurred to the said complainants by reason of the misconduct of said directors; and in said bill several distinct and independent matters and causes, which have no relation to each other, are embraced,—matters in which all the said complainants are not interested, and other matters which do not affect all of said defendants.

The demurrer admits the properly pleaded allegations of the bill. The bill alleges the insolvency of the defendant bank; charges that no regular meetings of the stockholders or of the board of directors had been held for a long period of time; that the business of the bank had been conducted from year to year under the reckless and careless management of the directors of said bank; that the bank, under their management, was completely wrecked, the moneys of its depositors squandered in wild speculation, worthless securities and loans, in consequence of which the bank became hopelessly insolvent, and was forced to make an assignment. It further charges "that the liabilities of said bank amount in the aggregate to the sum of $230,000 or more, whereas the available assets will not pay one-fourth of the indebtedness"; that a large part of the debts due the bank are owed by insolvent parties, to whom the money was loaned with reckless and gross negligence of the interests of the depositors. It charges that large sums of money were loaned to insolvent individuals and firms, designated in the bill, for which there were no indorsers, or, if any, they were insolvent, and that the insolvency of the borrowers and indorsers was known to the board of directors; that these officers themselves obtained large loans, a part of which they pretended to secure with what are charged to be worthless collateral securities; that one of the directors is due the bank $10,000 for money loaned him without any security whatever, and that the collection of the same is now barred by the statute of limitations; that a large portion of the collateral received by the bank for money loaned consists of spurious stock of the Abingdon Development Company, which was in this way converted into money by the officials of the bank, thus practicing a transparent fraud on the complainants

**and other** depositors. It alleges that, if ordinary care and prudence had been exercised by the officers of the bank, all of the money of the complainants and of other creditors of said bank would have been saved, and the wreck of the bank averted. The bill further charges that the president of the bank, by representing to the complainants that the bank was solvent, and that its stock was worth $110 on the share, induced them to deposit in said bank about $18,000. It charges that the officers and directors have violated the laws of the state of Virginia, and the general law governing their conduct and management of said bank; that they failed to use ordinary care and diligence in the management of its affairs, and have been guilty of gross and inexcusable negligence instead; that the assets of the bank which went into their hands were largely more than sufficient to pay and satisfy the whole of the demands of the complainants and of other depositors if the defendants had used ordinary care and diligence in the management of the same. The bill alleges that, by reason of the failure of the defendants to exercise such care and diligence, the defendants have become and are severally and jointly liable to the complainants and other depositors and creditors of the bank for the amount of their deposits, with interest thereon. It prays a reference, and that the conduct of the officers and directors of said bank be inquired into, and that the officers named as defendants be held liable for their defalcations to the complainants and other depositors.

In the first ground of demurrer assigned, it is insisted that, the complainants being depositors in said bank, they have no right to institute a suit against the defendants, who are directors of the bank, there being no allegation in the bill that the authorities of the bank decline to sue. That a stockholder in a corporation cannot maintain in this court a bill in equity against the corporation and other parties founded on rights which may properly be asserted by the corporation, without setting forth the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, admits of no discussion. These allegations are made necessary by the provisions of the ninety-fourth equity rule, and we have numerous decisions of the federal courts based on the requirements of this rule. Dannmeyer v. Coleman, 11 Fed. 97; Hawes v. Oakland, 104 U. S. 450; Huntington v. Palmer, Id. 482; Bell v. Donohue, 17 Fed. 710; Church v. Railroad Co., 78 Fed. 526. Counsel for the defendants have discussed the demurrer as though this were a suit by a stockholder of a corporation against the directors thereof. All of the authorities cited are in support of this position. But the court conceives there is a wide difference between the relation of stockholders in a bank to the corporation of which they are members, and a majority of whom exercise a controlling influence in all its affairs, and a depositor of the bank who has no voice in its control and management. The general relation of the bank to a depositor is that of debtor and creditor. City of St. Louis v. Johnson, 5 Dill. 241, Fed. Cas. No. 12,235. Under certain conditions a stockholder in a bank bears the relation of debtor to the

depositor. The relation of the directors of a bank to its depositors is that of trustees to cestuis que trustent, and, as such, they are personally responsible for frauds and losses resulting from gross negligence and inattention to the duties of their trust. Bank v. Bosseiux, 3 Fed. 817; Marshall v. Bank, 85 Va. 676, 8 S. E. 586. The requirements of the ninety-fourth equity rule as to precedent action to be taken by a stockholder before he can maintain a suit against the bank and its directors do not apply to a depositor, and no case to which the attention of the court has been directed so holds. But that a depositor can maintain a suit against a bank and its officers for losses occasioned by their fraud or negligence is sustained by both state and federal decisions. Marshall v. Bank, 85 Va. 676, 8 S. E. 586; Solomon v. Bates (N. C.) 24 S. E. 478; Bank v. Bosseiux, 3 Fed. 817, and others.

The second ground on which it is claimed that the bill is demurrable is because it contains several distinct and independent matters and causes which have no relation to each other. The charges in the bill are that the president of the bank, by false and fraudulent representations, induced the plaintiffs to deposit in said bank; and it is also charged that the directors of the bank, of whom the president is one, by their negligence and failure to discharge their duties, injured the plaintiffs and all other creditors of said bank. In a case already quoted (Solomon v. Bates, supra), the supreme court of North Carolina says:

"It is not a misjoinder of causes of action to join in the same action, brought against bank directors individually, a cause of action for gross negligence in the discharge of their duties, whereby the plaintiff was injured, with causes of action for fraud and deceit in making false statements and misrepresentations of the condition of the bank, whereby the plaintiff was induced to deposit his money in the care of the bank." (Syllabus.)

The demurrer is not well taken, and will be overruled, with leave to the demurrants to answer.