(105 N. W. 1108.)

---

George W. Hart v. O. G. Hanson, T. A. Ulberg, Gilbert Nelson, A. G. Clayton, Sidney C. Lough and P. S. Evanson, Defendants, P. S. Evanson, Appellant.

Opinion filed November 24, 1905.

**Banks and Banking — Directors' Duty to Creditors.**

1. A director of a banking corporation owes no duty in a legal sense, by reason of his office, to the creditors of the bank or to the public.

**Same — Directors' Liability to Corporation.**

2. The directors of a bank are liable only to the corporation whose agents or trustees they are for violation or neglect of their official duty.

**Same — In the Absence of Actionable Deceit Directors Are Not Liable to Creditors.**

3. In the absence of actionable deceit, directors are not directly liable in damages to a creditor of the corporation for loss suffered by the creditor through the insolvency of the corporation caused by the directors' neglect of their official duties.

**Same — Liability for Deceit — Duties of Directors in Case of Insolvency.**

4. The mere fact that a director, who knows that the bank is insolvent, takes no action to close the bank, or announce its insolvency, does not make him liable for deceit to persons who have extended credit after the bank became insolvent on the assumption that it was solvent.

**Appeal — Where Complaint and Evidence Show No Cause of Action Appellate Court Will Dismiss.**

5. Where the complaint does not state a cause of action, and the evidence affirmatively shows that no cause of action exists, the appellate court will direct the action to be dismissed.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by George W. Hart against P. S. Evanson and others. Judgment for plaintiff, and defendant Evanson appeals.

Reversed.

*Tracy R. Bangs,* for appellant.

Solvency or insolvency is an ultimate fact to be submitted to a jury, and it was incompetent for a witness to give an opinion upon the subject. Minton v. Stahlman, 34 S. W. 222; State v. Stevens, 92 N. W. 420; Babcock v. Middlesex S. B. & B. Assn., 28 Conn. 302; State v. Myers, 38 Pac. 296; Brice v. Lide, 30 Ala. 647; Brundred v. Machine Co., 4 N. J. Eq. 295; Nuckolls v. Pinkston, 38 Ala. 615; Persee & Brooks Paper Wks. v. Willett, 24 N. Y. Sup. Ct. 131; Hall v. Ballou, 12 N. W. 475.

A director or stockholder of a bank is not chargeable with actual knowledge of the business transactions of the corporation. Briggs v. Spaulding, 35 L. Ed. (U. S.) 662; Rudd v. Robinson, 26 N. E. 1046; Dickey v. Leonard, 77 Ga. 151; Wakeman v. Dalley, 51 N. Y. 27.

When bank directors have in entire good faith selected a manager in whose competency and honesty they have reason to believe, being themselves without banking experience, they have acted prudently and with proper caution. Clews v. Bardon, 36 Fed. 617; Warner v. Pennoyer, 82 Fed. 181; Same v. Same, 91 Fed. 587.

Keeping a bank open for business does not constitute a representation of its solvency. 14 Am. & Eng. Enc. Law, 80; Cochrane et al. v. Hasley, 25 Minn. 52; Bell v. Ellis, 33 Cal. 620; Hotchkin v. Third National Bank, 27 N. E. 1050; 14 Am. & Eng. Enc. Law, 81.

The special verdict fails to support the judgment, in that there is no finding that appellant made any misrepresentation to plaintiffs or either of them with intent to deceive, or to induce them to sign the bond. Sections 3847, 3848, 3850, Rev. Codes 1899; 14 Am. & Eng. Enc. Law (2d Ed.) 21, 85, 102, 207; Feeny v. Howard, 12 Am. St. Rep. 162; Haven et al. v. Neal et al., 45 N. W. 612.

Where a jury is to find a special verdict, they must find the ultimate facts. Russell v. Myers, 7 N. D. 335, 75 N. W. 262; Louisville, N. A. & C. Ry. Co. v. Miller, 37 N. E. 343; Bartholomew v. Pierson, 14 N. E. 249; Humpener v. D. M. Osborne & Co., 50 N. W. 88; McKenna v. Whittaker, 69 N. W. 587; Bartow v. Nor. Assur. Co., 72 N. W. 86.

Fraud under our statute is a question of law. Nat. State Bank v. Sanford Fork & Tool Co. et al., 60 N. E. 699; Cicero Township v. Picken et al., 23 N. E. 763; Phelps et al. v. Smith et al., 17 N. E. 602; Farmers Loan & T. Co. v. Canada & St. L. Ry. Co. et al., 26 N. E. 784; Rose v. Colter, 76 Ind. 590; Owens v. Gascho, 56 N. E. 224; Wilson v. Campbell et al., 21 N. E. 893; Phillips v. Kennedy et ux., 39 N. E. 147; Monticell Bank v. Bostwich, 77 Fed. 123; Parks v. Satterthwaite, 32 N. E. 82; Elston v. Castor, 101 Ind. 426; State Bank v. Bachus et al., 66 N. E. 475; Fletcher et al. v. Martin et al., 25 N. E. 886; Hawkins et al. v. Fourth Nat. Bank et al., 49 N. E. 957; Maxwell v. Wright et al., 67 N. E. 267; McKibben et al. v. Ellingson, 59 N. W. 1003.

In the absence of a finding of intent to deceive, no such intent is presumed to exist. Cincinnati, O., St. L. & C. Ry. Co. v. Gaines, 5 N. E. 746; Meeker et al. v. Shanks et al., 13 N. E. 712; Bank v. Dovetail B. & G. Co., 40 N. E. 810; Vinton v. Baldwin, 95 Ind. 433; Hildman v. City of Phillips, 82 N. W. 566.

*Frank B. Feetham* and *B. G. Skulason,* for respondent.

An expert, after showing the facts, figures, computations, values and other tangible matters which can be explained to the jury, should then be permitted, as an expert, to give his opinion as to the result, as to the solvency or insolvency of a party. State v. Cadwell et al., 44 N. W. 700; Waterson v. Fuelhart, 32 Atl. 597; Crawford v. Andrews, 6 Ga. 244; Breckenridge v. State, 5 Dana. 114; Reggins v. Brown, 12 Ga. 273.

If the admission of opinion evidence was error, it was without prejudice; the point was fairly established by competent testimony. United States v. Adams, 9 N. W. 718; Comms. of Highways of Homer Township v. Riker, 44 N. W. 955; Taylor v. Neys et al., 79 N. W. 998; Parsons v. New York Central & Hudson River R. Co., 3 L. R. A. 683; Campbell v. Carnahan, 13 S. W. 1098; Jacksonville, Tampa & Key West R. Co. v. Peninsular Land, Transportation & Manufacturing Co., 17 L. R. A. 33; New Mexican R. Co. v. Hendricks et al., 30 Pac. 901, 2 Enc. Pl. & Pr. 556.

An officer of a corporation is chargeable with notice of all matters relating to its affairs which he actually knows, or which it is his duty to know, and which by diligence he might have known, whether known or not. 21 Am. & Eng. Enc. Law, 896; Finn v. Brown, 12 S. C. R. 140; German Bank v. Wulfheimer, 19 Kan. 60; Martin v. Webb, 3 S. C. R. 428; United States v. Underwood, 15 Am. Rep. 735; State v. Myers, 38 Pac. 299.

Good faith, exact justice and public policy unite in requiring of one voluntarily taking the position of trustee or director of a corporation, ordinary care and prudence, and it is a gross breach of duty not to bestow them. Hun v. Cary, 82 N. Y. 65, 37 Am. Rep. 546; Ackerman v. Halsey, 37 N. J. E. 356; same case, 38 N. J. E. 501; Society v. Underwood, 15 Am. Rep. 735; U. S. v. Means, 42 Fed. 599; Warren v. Penoyer, 91 Fed. 287; Warren et al. v. Robison et al., 57 Pac. 287; Rev. Codes 1899, sections 7529, 7532, 7524.

When a bank is insolvent, it should not only decline deposits but close its doors, and it is a fraud upon its depositors not to do so. 3 Am. & Eng. Enc. Law, 847; Higgins v. Hayden, 73 N. W. 280; Craigie et al. v. Hadley, Receiver, etc., 1 N. E. 537; American Trust & Savings Bank v. Gueder & Paeschke Manufacturing Co., 37 N. E. 227; Peck v. Bank, 43 Fed. 357; Wasson v. Hawkins, 59 Fed. 233.

Ultimate facts found by a jury in a special verdict, if sufficient to state a cause of action, will support a judgment. 9 Enc. Pl. & Pr. 696; Ginson v. Fristoe, 1 Am. Dec. 502.

If the directors have been guilty of neglect of duty amounting to a tort, they are liable to account. United Society v. Underwood, 15 Atl. 735; Gibbons v. Anderson, 80 Fed. 345; Hun v. Cary, 82 N. Y. 65; Solomon v. Bates, 181 N. C. 311; Cassidy v. Uhlmannet et al., 63 N. E. 554; Carr v. State, 16 So. 150; San Pedro Lumber Co. et al. v. Reynolds, 53 Pac. 410; Marshall v. Farmers' & Mechanics' Savings Bank, 8 S. E. 586; Craigie et al. v. Hadley, Receiver, etc., 1 N. E. 537; Cummins v. Winn. 14 S. W. 512.

ENGERUD, J. Defendant P. S. Evanson appeals from a judgment for plaintiff and from an order denying a motion for a new trial. The complaint states, in substance, the following facts: The defendants were directors of the State Bank of Northwood. On or about February 20, 1901, the bank's application to the county commissioners of Grand Forks county to be designated a depositary of the funds of that county under article 8, c. 26, Pol. Code, had been accepted and the directors authorized Mr. Lough, the president of the bank, to cause to be executed and delivered to the county, in behalf of the bank, a bond, with sureties, as required by the county depositary law, to indemnify the county against loss of the funds received by the depositary. At the solicitation of Mr. Lough, this plaintiff and his assignors became sureties on such depositary bond, and the same was delivered to and accepted by the county. County funds were thereupon deposited in the bank, and on July 23, 1901, the bank was closed by the state authorities by reason of its insolvency. The plaintiff and his assignors paid to the county the sum of $1,990.20 in satisfaction of their liability on the bond. It is alleged that the bank had been insolvent more than two years before the bond was procured, and had been insolvent ever since, and that the defendant knew of its insolvency during all of said time; but that notwithstanding such knowledge, the defendants, contrary to law, kept the bank open and paid dividends, "and did carry 10 per cent of the face of the stock of said bank to a fund which they designated a surplus, did make and publish false statements of the condition of such bank, did accept upon deposit funds of said county and did in all things so conduct the affairs of said bank in the same manner as if it were a solvent institution, and did deceive the public, and especially the sureties, who at the solicitation of the said Sidney C. Lough, signed the said bond to the county of Grand Forks as to the true condition of the said bank, and that by reason of such false and fraudulent and

unlawful representations made at the direction of the defendants herein and by them, and in reliance thereon this plaintiff did sign said bond to the said county of Grand Forks aforesaid." It is alleged that the condition of the bank is such that nothing will be realized for the creditors from the assets. The plaintiff's two co-sureties assigned their claims to him, and he demands judgment for $1,990.20, the aggregate amount paid by the three sureties; each claim being set forth in a separate cause of action.

The appellant's answer, aside from certain admissions unnecessary to particularly mention, was in effect a general denial. The evidence was submitted to the jury for a special verdict. In response to the interrogatories the jury in effect found that the allegations of the complaint with respect to this appellant were true, except in certain particulars which will be hereafter mentioned Judgment was ordered and entered for plaintiff and against the defendant for the sum demanded in the complaint. A motion for a new trial, upon a statement of the case, was made and denied. We are agreed that neither the complaint, the proof nor the findings of the jury warranted the judgment appealed from. The fallacy which underlies each of the several theories upon which respondent seeks to sustain his right to recover in this action, is the assumption that the directors of a banking corporation owe some duty individually to each creditor of the corporation. That assumption is erroneous. The creditor deals with the corporation and contracts with it, not with the individual directors. The directors are agents or representatives of the entire body of stockholders, and the relationship between the corporation and the directors is that of principal and agent. The agency of course implies a trust, but the obligations imposed by the trust are solely to the corporation whose agents and trustees they are, and like all other agents they are accountable for their stewardship to their principal alone. Creditors of the corporation are utter strangers to the obligations of the directors to the corporation. Howe v. Barney (C. C.) 45 Fed. 668; Bank v. Peters (C. C.) 44 Fed. 13; Bailey v. Mosher, 63 Fed. 488, 11 C. C. A. 304; Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662; Fusz v. Spaunhorst, 67 Mo. 256; Bank v. Hill ,148 Mo. 380, 49 S. W. 1012, 71 Am. St. Rep. 615; Deaderick v. Bank, 100 Tenn. 457, 45 S. W. 86; Zinn v. Mendel, 9 W. Va. 580; Andrews v. Foster, 76 Iowa, 535, 41 N. W. 212. The fact that plaintiff has suffered loss as a result of the defendant's action or

omission to act does not necessarily give the plaintiff a cause of action against the defendants to recover damages. There must not only be a loss, but the loss must be proximately traceable to the defendant's breach of a legal obligation which he owed to the plaintiff. Carroll v. Rye Township, 13 N. D. 458, 101 N. W. 894.

It follows from these propositions, which we deem to be axiomatic, that the plaintiff has not shown any cause of action against this appellant, for the reason that the appellant has not violated any obligation due from him to the respondent. The complaint does not allege nor does the evidence show any affirmative willful misrepresentation of fact by this appellant with intent to deceive. The allegations and proof merely show gross neglect by the defendant of his duties as a director, and no attempt on his part to have the bank discontinue business by reason of insolvency. The jury found that the bank had been insolvent for at least a year before the execution of the bond, and so remained until closed by the authorities, and that this appellant at all times knew its insolvent condition. In response to the twelfth interrogatory the jury found that the plaintiff and his assignors were induced to sign said bond by misrepresentations as to the solvency of the bank made by this appellant and Mr. Lough. This finding was made pursuant to the following instruction: "I charge you that there is no evidence that the plaintiff, or the said Mandt or Rierson, were induced to sign said bond by any misrepresentation as to the solvency of said bank, made directly by any of the defendants, and if any such misrepresentations were made, they were made by implication; that is, by the conduct of the defendants in the management of said bank. If you find from the evidence that the defendants, or any of them, by their conduct in the management of said bank, led the public generally to believe, and the plaintiff and his assignors especially to believe that said bank was in a solvent condition by keeping the same open when they knew the same was insolvent, if you find it was insolvent; then I charge you that you should answer this interrogatory accordingly, and you should find whether the plaintiff and his assignors were misled and deceived thereby, or any of them, and also find by whom such misrepresentations were made." It is apparent, then, that the finding as to misrepresentations was merely a finding that the defendant passively suffered the bank to continue in business when he knew it was insolvent.

The respondent suggests four different theories to sustain the judgment: First, upon the theory of fraud; second, upon the

ground of the violation of the criminal statute; third, upon the
ground of negligence; fourth, upon implied contract. Damages may
be recovered for fraud when it constitutes actionable deceit. The
Civil Code tersely states the low on that subject as follows: Section
3941: "One who willfully deceives another with intent to induce
him to alter his position to his injury or risk is liable for any damage
which he thereby suffers." Section 3942: "A deceit within the
meaning of the last section is either: (1) The suggestion as a fact
of that which is not true by one who does not believe it to be true.
(2) The assertion as a fact of that which is not true by one who
has no reasonable ground for believing it to be true. (3) The sup-
pression of a fact by one who is bound to disclose it, or who gives
information of other facts which are likely to mislead for want
of communication of that fact; or (4) A promise made without any
intention of performing." Section 3943: "One who practices a de-
ceit with intent to defraud the public or a particular class of per-
sons is deemed to have intended to defraud every individual in
that class who is actually misled by the deceit."

Two of the essential elements of actionable deceit are a willful
misrepresentation, and an intent thereby to induce another person
to alter his position. Such is the language of the Civil Code, and it
states the rule generally recognized by the authorities ever since
Pasley v. Freeman, 3 Term Rep. 51. See cases cited in Smith's
Leading Cases in notes on Pasley v. Freeman. In this case both ele-
ments are absent. The defendant cannot be held liable on the
theory that the continuation of the bank in business after insolvency
was a false representation that it was solvent. Whatever may
have been the appellant's duty as a director under such circum-
stances, it was a duty which, in a legal sense, he owed only to the
corporation. For his acts or omissions as a director he is answer-
able only as an agent or trustee to his principal, not to third per-
sons. As an individual he owed no legal duty to the public or
to the bank's creditors, different from that which every person
owes to all others—to refrain from infringing on their rights. This
appellant, as an individual director, had no control over the bank.
He could only act in conjunction with his fellow directors. The
acts of the directorate body of which he was part were not his in-
dividual acts. The president and cashier were not his agents, be-
cause, they were the agents, not of each individual director, but of
the board of directors. The act of keeping the bank open was not
therefore the act of this appellant. He had no dealings with the

plaintiff or his assignors; and he owed them or the public no legal duty to personally denounce the bank, however plain his moral duty to do so may have been. He was not therefore, guilty of false representations nor of suppression of facts which it was his duty to disclose. It is urged that the appellant's conduct as a director was so grossly negligent that the law will infer willful fraud and intentional injury. That argument involves an absurdity. Negligence, whether slight, ordinary or gross, consists of want of care (Rev. Codes 1899, sections 5110, 5111); and implies the absence of intentional wrong doing. Morrison v. Lee, 13 N. D. 591, 102 N. W. 223.

It follows from what has been said that no recovery can be had on the theory either of negligence or implied contract, for the reason that the appellant owed no duty or obligation to the plaintiff. If he violated his obligation to the bank, or neglected his duty to it, redress must be sought by the corporation itself or its representative for the common benefit of all creditors and stockholders. There are several cases in which a creditor has been permitted to recover damages from the directors under circumstance similar to those in the case at bar. Foster v. Bank (C. C.) 88 Fed. 604; Solomon v. Bates (N. C.) 24 S. E. 478, 59 Am. St. Rep. 725; Delano v. Case, 121 Ill. 247, 12 N. E. 676, 2 Am. St. Rep. 81; Seale v. Baker, 70 Tex. 283, 7 S. W. 742, 8 Am. St. Rep. 592; Cassidy v. Uhlmann, 170 N. Y. 505, 63 N. E. 554; Baxter v. Coughlin, 70 Minn. 1, 72 N. W. 797. These cases proceed upon the theory that the directors are trustees for creditors, and individually owe a legal duty to them. For reasons hereinbefore stated we think that theory is untenable. Many of these cases are reviewed and ably criticized in Zinn v. Mendel, 9 W. Va. 580. See, also, Bank v. Hill, 148 Mo. 380, 49 S. W. 1012, 71 Am. St. Rep. 615. The fallacy of the line of cases above referred to is briefly and clearly stated in Killen v. State Bank (Wis.) 82 N. W. 536, 542, a case cited and relied upon by respondent. In that case Judge Marshall says: "There are numerous cases where the distinction has not been clearly recognized, if at all, between a wrong to a depositor of a bank committed by its officers, for which they are personally liable directly to such depositor on the ground of deceit, and a wrong by such officers to the corporation for which they are liable to such corporation and through it to the creditors. Delano v. Case, 121 Ill. 247, 12 N. E. 676, 2 Am. St. Rep. 81, is a good specimen of such cases. It would take too much space to review such cases and to

try to bring harmony out of the confusion that would be disclosed, though we venture to say that in most cases that proceed on the ground of negligence, the purpose will be found to have been to enforce a liability in the right of the corporation. Such is Hodges v. Screw Co., 1 R. I. 312, 53 Am. Dec. 624, often found cited in the books. The confusion on this subject is quite well illustrated by the fact that the Hodges case, a plain action to enforce a right of the corporation, because its proper officers failed to do their duty in that regard, is cited in Davenport v. Underwood, 9 Bush. 609, and other authorities upon which the Delano case is grounded, to support the decisions there made, that officers of a bank may be held liable directly to depositors for losses of the bank to the damage of depositors, on the ground of negligence and fraud in performance of their duties to the corporation. Other cases to support the direct action of a creditor against an officer for damages to the former, because of the fraud or negligence or other actionable wrong, are based on statutes, as, for instance, Stephens v. Overstolz (C. C.) 43 Fed. 465.

The real principle upon which the cases are probably grounded, which hold that the creditors may sue directors to enforce a personal right against them, is that they are quasi trustees for such creditors under the trust-fund doctrine, so-called, which, as will be hereafter shown, has no place in our system. The directors of a corporation are trustees for it, and bear no other relation to its creditors than the agent of an individual to his creditors." The argument that the proof shows the appellant to be amenable to criminal punishment, if true in fact, is of no avail to the plaintiff. The fact that a given act or omission is criminal does not relieve it from the operation of that fundamental rule of law that no cause of action for damages can exist unless the defendant has violated some obligation which he owes to the plaintiff. We think the decision in Baxter v. Coughlin (Minn.) 72 N. W. 797, is unsound because it erroneously assumes that the officer of the bank, who received the deposit was the agent of each individual director, and that each director individually owed a duty directly to the bank's creditors.

As the complaint does not state a cause of action, and the evidence affirmatively discloses that the facts necessary to constitute a cause of action do not exist, a new trial would be improper. The judgment is therefore reversed, and the district court is directed to enter

final judgment in favor of the appellant, and against the respondent dismissing the action with costs. All concur.