**MAZZOLA et al. v. YEAGIN et al.**

No. 3101.

Court of Civil Appeals of Texas. Beaumont.

April 8, 1937.

W. H. Davidson and Bowers & Ross, all of Beaumont, for appellants.

Thos. J. Baten and A. L. Shaw, both of Beaumont, for appellees.

WALKER, Chief Justice.

This suit was instituted in county court, Jefferson county, at law, by appellee Nadine Yeagin, a minor, by her parents as next friends, against appellants A. Mazzola, Francis Mazzola, and Florence Mazzola, as a partnership conducting a "permanent wave" business at 550½ Orleans street, Beaumont, Tex., "under the fictitious name of Blue Bonnet Permanent Wave Shop." Appellee alleged that on or about the 6th day of May, 1935, she went to appellants' shop, as one of its customers, to receive "a permanent wave," and paid for this service the customary and usual fee charged by appellants, and that in giving her the permanent wave, appellants, through their agents, negligently inflicted upon her serious burns and injuries for which she prayed judgment in the sum of $600.

Appellants answered by demurrers, and by special plea under oath, denying the partnership.

Answering special issues, the jury found that appellee "suffered bodily injuries while having her hair permanently waved on or about the 6th day of May, 1935," as "the result" of appellants' negligence which "was the proximate cause of the resulting injury," and that appellee suffered damages in the sum of $300. Judgment was entered in favor of appellee on the verdict of the jury, from which appellants have duly prosecuted their appeal to this court.

 Without conflict, the evidence was to the following effect: From 1929 to 1931, appellants conducted their business at 550½

Orleans street as a partnership under their individual names. In 1931, they incorporated their business, as operated at 550½ Orleans street, under the corporate name of Blue Bonnet Permanent Wave Shop; appellant A. Mazzola subscribed and paid for $1,300 of the capital stock, his wife, Mrs. Francis Mazzola, subscribed and paid for $100 of the stock, his daughter, appellant Florence Mazzola, subscribed and paid for $100 of the stock. After the issuance of the charter, all details of the business were conducted by the corporation; Mrs. Mazzola was general manager, with power given her by the board of directors, which she exercised, to fire and hire the servants of the corporation, to manage its business, and to draw checks on its bank account in payment of the wages of its servants, and in payment of all other obligations. After the issuance of the charter, the old partnership ceased to exist and did not conduct any business of any kind or character. Appellee applied to the corporation for service, went to the place of business of the corporation, and the corporation undertook to give her the permanent wave; she was injured through the negligence of the employees of the corporation who were employed as servants of the corporation and were paid with funds of the corporation; these servants acted on behalf of the corporation in giving appellee her permanent wave, and appellee was injured through their negligence.

On the undisputed facts, appellants were not partners in operating the Blue Bonnet Permanent Wave Shop, nor were they partners in the enterprise of dressing hair for the customers of the corporation, nor had they been partners in any enterprise whatever from the date their business was incorporated in 1931; also, under the undisputed evidence, appellee was not injured by an individual act of any one of the appellants, but was injured through the negligence of the corporation. On the undisputed evidence, appellants were entitled to an instructed verdict.

As we understand appellee's brief, she would support her judgment on the theory that the business of giving "permanent waves" was not within the corporate powers granted the corporation, Blue Bonnet Permanent Wave Shop, by its charter and, because the corporation exceeded its charter powers, its officers and stockholders were liable as partners. That proposition does not have support in our jurisprudence. On that very point in Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994, 998, our Supreme Court, speaking through Mr. Chief Justice Cureton, said:

"If it be said that the act of the Rambler Automobile Company in renting the car to Adams, and other similar acts, were ultra vires, still they were not unlawful. They were such acts as could lawfully be performed by individuals, partnerships, or corporations chartered under the foregoing subdivisions of Revised Statutes, art. 1121. The carriage of passengers for hire by automobiles was, therefore, neither against the law nor contrary to public policy. The only inhibition against it, in so far as the Rambler Automobile Company was concerned, must be found, if at all, under the terms of Revised Statutes, art. 1164, which prohibits corporations from using their funds for any purpose other than to accomplish the legitimate purposes of their creation. This general prohibition against a corporation exceeding its powers does not make its acts illegal as well as ultra vires. A distinction is to be made between the act of a corporation which is merely without authority, and one which is illegal. In the one case it is a question of authority; in the other, of legality. A corporate act becomes illegal when committed in violation of an express statute on a specific subject or when it is malum in se or malum prohibitum, or when it is against public policy. Bond v. Terrell, etc., Mfg. Co., 82 Tex. 309, 18 S.W. 691; Texas, etc., Ry. Co. v. Robards, 60 Tex. 545, 551, 48 Am.Rep. 268; Franco-Texan Land Co. v. Laigle, 59 Tex. 339.

"In the present case, if it be granted that the acts of the Rambler Automobile Company complained of by defendant in error are ultra vires, still they were not in violation of an express statute; they were not mala in se or mala prohibita, or against public policy. The doing of such an ultra vires act would not make the plaintiffs in error, as stockholders or officers of the company, liable personally for the acts of the corporation. Seymour Opera-House Co. v. Wooldridge (Tex.Civ. App.) 31 S.W. 234; Rowley's Modern Law of Partnership, vol. 1, § 250; Tennessee Automatic Lighting Co. v. Massey (Tenn. Ch.App.) 56 S.W. 35, 38; Senour Mfg. Co. v. Church Paint & Mfg. Co., 81 Minn. 294, 84 N.W. 109, 111; Searight v. Payne, 2 Tenn.Ch. 175, 180; Frost Mfg. Co. v. Foster, 76 Iowa, 535, 41 N.W. 212; Linkauf et al. v. Lombard et al., 137 N.Y. 417,

33 N.E. 472, 20 L.R.A. 48, 33 Am.St.Rep. 743; Trowbridge v. Scudder et al., 11 Cush.(Mass.) 83; Sandford v. McArthur, 18 B.Mon.(Ky.) 411, 420; Ohio Life Insurance & Trust Co. v. Merchants' Insurance & Trust Co., 11 Humph.(Tenn.) 1, 53 Am.Dec. 742, 763."

On the undisputed facts and the law as announced by our Supreme Court in the case cited above, the judgment of the lower court in favor of appellee must be reversed and judgment here rendered in favor of appellants, that they go hence without day and recover their costs.

Reversed and rendered.