ABBOTT *v.* PEARSON ET AL.

[No. 15,451. Filed January 26, 1938.]

*Regester & Regester,* for appellant.

*Willis Hickam, Kivett & Kivett* and *Lee W. Kirkpatrick,* for appellees.

DUDINE, P. J.—Appellant was a depositor and appellees were directors in the Spencer National Bank which closed its doors as insolvent in July, 1932. This action was instituted by appellant in October, 1933, against appellees and two other persons who had been directors of the bank. Service upon said other directors was not acquired, and therefore the cause was dismissed as against them.

The complaint alleged that appellant deposited $6,000.00 in the bank on April 25, 1930, and that said amount remained on deposit until the 13th day of July, 1932, when the bank closed; that for "five years prior to the time said bank ceased to do business each of said defendants and directors negligently and carelessly failed to perform his duties as such director and negligently and carelessly refused and neglected properly, prudently and carefully to manage the business of said bank in this, to wit: (here follow several specific charges of negligence against said directors)."

A separate demurrer to the complaint was filed by appellee Rentschler, and a separate and several demurrer to the complaint was filed by appellees Pearson and Cline. Each of said demurrers was sustained, and appellant having refused to plead further the court found for appellees on said demurrers and rendered judgment that appellant take nothing by his complaint.

The errors assigned and relied upon for reversal are alleged errors in sustaining said demurrers.

There is but one legal question presented upon appeal,

and that is the question whether or not appellant as a depositor of the bank could prosecute the action set forth in the complaint.

This question has not been decided by either of the courts of appeal of this state. It was, however, decided by the U. S. District Court (E. D. Virginia) in *National Exchange Bank of Baltimore* v. *Peters et al.* (1890), 44 Fed. 13. The language of the court with reference to such question is as follows (p. 14) :

> ". . . the question presented is whether a creditor of an insolvent national bank of the United States can sue its directors for the purpose of fixing upon them a personal liability for the mismanagement of such an institution. It is not a question whether these directors are liable or not, or may be sued or not, and subjected to the liability, but only whether a creditor of a national bank can sue its directors for mismanagement and negligence of his own mere volition. It is elementary law that, if Jones injures Smith's person, and Smith owes Brown a debt, Brown cannot sue Jones for damages as a means of making good his debt against Smith. So, if Jones buys a horse from Smith, Brown, Smith's creditor, cannot sue Jones, Smith's debtor, for the purchase money. There is no privity between Jones and Brown, either of contract or tort, on which the action can rest. The universal rule, as old as the law itself, is that, unless there be privity between plaintiff and defendant, no action will lie; . . .
>
> ". . . the statute law makes directors of a national bank liable in damages for violations of their duty, or negligence or malfeasance as directors, and pre-scribes how they shall be subjected to liability. Be-ing liable in damages, they are amenable to suit for damages in a jury proceeding, and not, I infer, to suit in any other form, whether at law or in equity. But, even if they were amenable to liability in a proceeding not sounding in damages, then, the dam-ages recoverable being an asset of the bank, the statute law empowers and requires the receiver of the injured bank, under the direction of the comp-troller, and him alone, to sue for the claim. Ex-cept the receiver, the statute law nowhere author-

izes suit to be brought by any person not in privity against directors of national banks. The bill of complaint under consideration has therefore no sanction in respect to its party plaintiff from the statute law of the land."

A similar view of that question by our Supreme Court was indicated in *Coddington* v. *Canaday, Receiver* (1901), 157 Ind. 243, 61 N. E. 567, wherein the court said (p. 256) : "If the property of the bank was lost or squandered by reason of gross negligence of the directors, an injury was done to the corporation for which the directors are responsible to the bank, and an action for the damages resulting from such negligence may be maintained by the receiver. . . . But, it is held, that, under such circumstances, no action can be maintained at law by a stockholder. The injury is to the corporation, and not to the individual shareholder. . . . At law, the remedy must be enforced through the corporation itself, or by a receiver representing the common interest."

To the same effect see *Hart* v. *Hanson et al.* (1905), 14 N. D. 570, 105 N. W. 942, 3 L. R. A. (N. S.) 438; *Warner* v. *Hopkins* (1885), 111 Penn. St. 328, 2 Atl. 83; *U. S. F. & G.* v. *Corning State Bank* (1912), 154 Ia. 588, 134 N. W. 857, 45 L. R. A. (N. S.) 421; *Hornor* v. *Henning* (1876), 93 U. S. 228, 23 L. Ed. 879; *Michelsen et al.* v. *Penny* (1934), 10 F. Supp. (N. Y.) 537.

The complaint did not allege that the receiver had refused to bring such suit. (See *Mooresville Building, Savings and Loan Assn.* v. *Thompson et al.* [1937], 212 Ind. 306, 9 N. E. [2d] 101.)

We hold that the complaint did not state facts sufficient to constitute a cause of action, and that the demurrer thereto was properly sustained.

Judgment affirmed.

Bridwell, J., not participating.