## Loll v. Loll

*James H. McHale*, for libellant.

*James P. Junkin*, for respondent.

FLOOD, J., October 30, 1941.—Respondent seeks the dismissal of the instant libel in divorce because of the pendency of a prior similar action instituted by libellant in another county.

It appears that on September 14, 1936, libellant instituted his action for divorce in the Court of Common Pleas of Beaver County as of December term, 1936, no. 15. The libel there charged that respondent committed adultery in 1934 and "that [she] did offer such indignities to the person of the libellant as to render his condition intolerable and life burdensome". On November 5, 1936, President Judge Reader of the Beaver County court entered an order stating, inter alia: ". . . libellant is directed to file a bill of particulars specifying . . . the times, places, circumstances and acts which it is alleged constituted the indignities to the person charged to have been committed by the respondent. Rule returnable to the 16 day of November, 1936." The exemplified record of the Beaver County proceedings discloses no subsequent action pursuant to the foregoing order.

On July 11, 1940, libellant filed the present libel in divorce in this court, alleging that respondent "Hath, at Rochester, Pennsylvania, and other places, from some time during the month of June, 1927, until some time during the month of August, 1933, constantly and on dates too numerous to mention offered such indignities to the person of the libellant, who is the injured and innocent spouse, as to render his condition intolerable and his life burdensome". On November 7, 1940, with permission of the court, libellant withdrew his libel and discontinued his action in Beaver County; but on January 11, 1941, upon petition of respondent, President Judge Reader entered an order nullifying the discontinuance and reinstating the action. Thereafter, on May 27, 1941, we granted the present rule upon libellant to show cause why the instant action should not be dismissed because of the pendency of the Beaver County action.

The pendency of a prior action in the same State in a court having jurisdiction of the parties and subject matter, which action is between the same parties and

involves the same cause of action and prayer for relief, constitutes a valid ground for the abatement of the later action: Penn Bank, to use, v. Hopkins et al., 111 Pa. 328 (1886) ; Hessenbruch v. Markle et al., 194 Pa. 581 (1900) ; Feather v. Hustead, 254 Pa. 357 (1916) ; Becker v. Lebanon & Myerstown Street Railway Co., 25 Pa. Superior Ct. 367 (1904) ; Hartman v. Hartman, 21 Dist. R. 341 (C. P. Lackawanna Co. 1910) ; Williams v. Williams, 73 Pitts. 631 (C. P. Allegheny Co. 1924). In the present case libellant discontinued his prior action in Beaver County after the commencement of the instant action but this discontinuance subsequently was rendered void and the action was fully reinstated by the Beaver County court before the filing of the present rule to dismiss. In this connection, the opinion of President Judge Reader states: "At the time we made the order of November 7, 1940 (allowing discontinuance), we were unaware of the fact that the proceedings had been instituted in Philadelphia County. The order was made without notice to Sarah C. Loll (the respondent), and also without knowledge of the fact that she had also instituted a proceeding in this county. We think it advisable that the record should be permitted to stand as it was at the time the action was instituted in Philadelphia County." The nullified discontinuance, therefore, furnishes no valid objection to the granting of the instant rule for dismissal.

Libellant contends, however, that there is no indication that the issues in the two actions are the same. In this regard, it is pointed out that no dates appear in the Beaver County libel as to when the alleged indignities occurred, while the present libel specifically charges indignities between the years 1927 and 1933. The parties were married in 1920 and, according to respondent's answer in the Beaver County proceedings, their matrimonial cohabitation ceased in 1933. It seems likely that libellant in the second action would

allege all the indignities which he could have alleged in the first. But the record leaves us in doubt.

For this reason, we shall not enter a final decree of dismissal at this time. The Beaver County action has been fully reinstated and libellant may there file his bill of particulars specifically setting forth the basis of his charge of indignities. Thenceforth, there will be no cause for speculation and the question now before us can be determined with finality. We shall, accordingly, stay the present proceedings until such time as libellant shall file a bill of particulars in the Beaver County action.

### Order

And now, October 30, 1941, upon consideration of the foregoing, it is hereby ordered, adjudged, and decreed that all proceedings in the present action for divorce a. v. m. be stayed until such time as libellant files a bill of particulars in the action instituted by him in the Court of Common Pleas of Beaver County as of December term, 1936, no. 15.